518 So.2d 632 (1987)
Henry PETERSON a/k/a Nene
v.
STATE of Mississippi.
No. 57310.
Supreme Court of Mississippi.
December 16, 1987.
*633 Howard Dyer, III, Rabun Jones, Dyer, Dyer, Dyer & Jones, Greenville, for appellant.
*634 Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Henry Peterson was charged with selling more than one ounce of marijuana to Donna Connor, an agent of the Mississippi Bureau of Narcotics. He was tried and convicted in the Circuit Court of Sunflower County, Mississippi, for sale of marijuana and sentenced to thirty (30) years in the Mississippi Department of Corrections with ten (10) years suspended and was fined $20,000.00.
Peterson assigns three errors:
I. Reversible error occurred when the trial court, over objection and in contravention of Rule 609(a) of the Mississippi Rules of Evidence, permitted the State to impeach the appellant on cross-examination with a prior felony drug conviction without any on-the-record weighing of probative value versus prejudicial effect and without any cautionary instruction as to the purpose of such proof;
II. The trial court committed reversible error in failing to grant the appellant's motion for a mistrial after a prospective juror made a prejudicial remark during voir dire in the presence of the jury panel; and
III. Prejudicial error occurred when over objection the State's witness, Shirlene Anderson, was allowed to testify concerning bit and pieces of the alleged sale which she was able to overhear from a hidden transmitter, since she was unable to identify the appellant as one of the parties to the sale.
Agent Connor testified that on July 15, 1985, Peterson got into a car with her and another person and sold her one-quarter of a pound of marijuana for $225.00.
Peterson contended that he could not have been involved in the drug sale on July 15, 1985, because he was home, suffering from epileptic seizures. This testimony was corroborated by his mother, Lillie Peterson, who testified that she was at home with Henry Peterson caring for him on that date.

I.

DID REVERSIBLE ERROR OCCUR WHEN THE TRIAL COURT, OVER OBJECTION AND IN CONTRAVENTION OF RULE 609(a) OF THE MISSISSIPPI RULES OF EVIDENCE, PERMITTED THE STATE TO IMPEACH THE APPELLANT ON CROSS EXAMINATION WITH A PRIOR FELONY DRUG CONVICTION WITHOUT ANY ON-THE-RECORD WEIGHING OF PROBATIVE VALUE VERSUS PREJUDICIAL EFFECT AND WITHOUT ANY CAUTIONARY INSTRUCTION AS TO THE PURPOSE OF SUCH PROOF?
Henry Peterson, the defendant, was cross-examined regarding a previous felony conviction:
BY MR. VINCENT:
Q. Mr. Peterson, have you been convicted of a felony?
BY MR. DYER:
Your Honor, we object to that question under the new Rules of Civil Procedure.
BY THE COURT:
Let that objection be noted. It is overruled. The witness may answer the question.
A. You say, have I been convicted?
A. Yes, sir.
A. I have been convicted one time.
Q. What crime were you convicted of, please, sir?
A. Possession of marijuana.
Q. I am sorry, I couldn't hear you.
A. Possession of marijuana.
Peterson contends that the admissibility of this evidence is governed by Rule 609(a)(1), Mississippi Rules of Evidence and that the prejudicial effect of the evidence was such that its admission against him constitutes reversible error. Further, Peterson argues that the trial judge erred in admitting the evidence without making an on-the-record determination that its probative *635 value outweighed its prejudicial effect. Citing U.S. v. Preston, 608 F.2d 626, 639 (5th Cir.1979). Peterson also argues that the trial judge had the responsibility of giving a limiting instruction to the jury, and that he erred in not doing so. Citing Rainer v. State, 473 So.2d 172 (Miss. 1985). Contending that the evidence was inflammatory and therefore presumptively harmful, Peterson urges this Court to reverse and remand this case for a new trial.
The State contends that Peterson's objection was insufficient under Rule 103(a)(1) of the Mississippi Rules of Evidence, and that the trial judge should not be put in error for overruling the objection. Citing Edwards v. Thigpen, 433 So.2d 906, 909 (Miss. 1983); Wilcher v. State, 448 So.2d 927, 941 (Miss. 1984). Further, the State argues that the trial judge's findings under Rule 609(a)(1) need not be reflected in the record. Citing Government of the Virgin Islands v. Bedford, 671 F.2d 758 (3rd Cir.1982). The State points out that in Preston, supra, which Peterson cites as authority, the Fifth Circuit remanded the case only for a specific finding (of whether the probative value of the evidence outweighed its prejudicial effect) under Rule 609.
Distinguishing Rainer v. State, supra, from the case at hand, the State argues that since Peterson's attorney did not offer any cautionary instruction, the judge's failure to give such an instruction cannot be assigned as error. Citing Dubose v. State, 320 So.2d 773 (Miss. 1975); Sexton v. State, 274 So.2d 658 (Miss. 1973). Finally, the State contends that the error, if any, was harmless, since the evidence of guilt was overwhelming.
Before addressing the merits of Peterson's Rule 609(a) claim, it must be determined whether he is barred from raising this claim by Rule 103(a)(1) of the Mississippi Rules of Evidence. Rule 103(a)(1) provides as follows:
RULE 103. RULINGS ON EVIDENCE.
(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context;
When the prosecution sought to establish that Peterson had been convicted of another crime, Peterson's attorney objected, "Under the New Rules of Civil Procedure." Rule 103 states that a specific objection is not required if the specific ground for objection was "apparent from the context." Rule 103(a)(1). As the Comment to Rule 103 indicates, this rule reflects this Court's decision in Murphy v. State, 453 So.2d 1290, 1293-94 (Miss. 1984), (pointing out that specificity is not required where the grounds of the objection are reasonably apparent from the context). See also, Jordan v. State, 513 So.2d 574, 580, 581 (Miss. 1987); Barnette v. State, 478 So.2d 800, 802 (Miss. 1985); Donald v. State, 472 So.2d 370, 372 (Miss. 1985); House v. State, 445 So.2d 815, 819 (Miss. 1984). It is apparent that Peterson's attorney was contesting the admissibility of Peterson's prior conviction. Since this was apparent from the context of the objection, this assignment of error is not procedurally barred.
We therefore address the substance of this assignment and to do so requires an analysis of Rule 609(a) which provides as follows:
RULE 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME.
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on *636 a party or (2) involved dishonesty or false statement, regardless of the punishment.
The Comment to Rule 609 provides, in pertinent part, as follows:
Under 609(a) crimes are divided into two categories for purposes of impeachment: (1) felonies, provided the court determines that the probative value of admitting evidence of the crime outweighs its prejudicial effect, or (2) crimes involving dishonesty or a false statement, whether felonies or misdemeanors. This is a change from pre-rule Mississippi practice which allowed impeachment by any prior conviction, felony or misdemeanor, other than misdemeanor traffic offense.
The plain language of Rule 609(a)(1) requires that before admitting evidence of a witness' felony conviction, the trial judge must determine "that the probative value of admitting this evidence outweighs its prejudicial effect." Rule 609(a)(1).[1] Here no such determination was made by the trial judge and the issue is whether or not this must be done on the record.
In U.S. v. Preston, 608 F.2d 626 (5th Cir.1979), the court analyzed an identical requirement in Rule 609(a)(1) of the Federal Rules of Evidence and stated:
We hold today that a Trial Judge must make an on-the-record finding that the probative value of admitting a prior conviction outweighs its prejudicial effect before admitting a non-609(a)(2) prior conviction for impeachment purposes under Rule 609(a)(1). An on-the-record finding that probative value outweighs prejudicial effect is not merely an idle gesture. Such a finding insures that the Judge has at least taken into account the relevant considerations... .
Preston, at 649.
The court in Preston also addressed the effect of the trial judge's failure to make on-the-record determination under Rule 609(a)(1) and said, "Failure to make such a determination robs a defendant of the rule's protection. There is no escaping from this fact." Preston, at 640.
We hold today that Rule 609(a)(1) requires the trial judge to make an on-the-record determination that the probative value of the prior conviction outweighs its prejudicial effect before admitting any evidence of a prior conviction. Because our holding in this case will require a new trial and as this is our first interpretation of Rule 609, we offer the following analysis for the benefit of the trial bench and bar should this issue arise again.
What factors should the trial judge consider when weighing the probative value of the convictions against the prejudicial effect of their admission? Although the relevant considerations will vary according to the particular facts of each case, there are some general factors which should be considered when a trial judge is making this determination. In Preston, supra, the court listed the following: (1) the kind of crime involved; (2) when the conviction occurred; (3) importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant. Preston, at 639, n. 14.
A more specific list of factors to be considered by the trial judge was outlined in Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir.1967) (Burger, J.); and is set forth in Weinstein's Evidence:
(1) The impeachment value of the prior crime.
(2) The point in time of the conviction and the witness' subsequent history.
(3) The similarity between the past crime and the charged crime.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue.
3 J. Weinstein, Evidence, par. 609[04] at page XXX-XX-XX (1987). See also, United States v. Mahone, 537 F.2d 922, 929 (7th *637 Cir.1976), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

A.

THE IMPEACHMENT VALUE OF THE PRIOR CRIME
Peterson was previously convicted of possessing more than one ounce of marijuana with intent to sale. At trial, it was elicited from Peterson that he had been convicted of felony marijuana possession. This crime has little, if any, impeachment value. Accordingly this factor weighs against the admissibility of the conviction.

B.

THE POINT IN TIME OF THE CONVICTION AND THE WITNESS' SUBSEQUENT 
HISTORY
Peterson's previous conviction occurred less than a year before the crime for which he was being tried. The "freshness" of the conviction weighs in favor of its admissibility.

C.

THE SIMILARITY BETWEEN THE PAST CRIME AND THE CHARGED CRIME
The past crime, possession of marijuana with intent to deliver, is so similar to the crime for which Peterson was being tried, sale of marijuana, that the prejudicial effect of the conviction is very high. In such a situation the jury is very likely to infer present guilt from past conviction for a similar offense. See Gordon v. U.S., supra, at 940. The "likeness" of the conviction and the present charge weighs very heavily against admissibility.

D.

THE IMPORTANCE OF THE DEFENDANT'S TESTIMONY
Peterson and his mother were the only defense witnesses. Under his theory of the case (alibi), Peterson was one of the only witnesses who could establish his defense. Rule 609(a)(1) aids in the search for truth by insuring that important testimony from the defendant will not be excluded because he fears the prejudicial effect his previous conviction might have on the jury. The importance of Peterson's testimony weighs against the admissibility of the conviction.

E.

THE CENTRALITY OF THE CREDIBILITY ISSUE
Since Peterson's alibi defense either stands or falls based on his credibility, the evidence which bears on his credibility is important. The nature of Peterson's defense heightens the importance of his credibility since in this case, he is one of the only witnesses who can establish his defense. The importance of his credibility to the particular facts of this case weigh in favor of the admissibility of his prior conviction, but only to the extent, if any, that his prior conviction reflects adversely on his credibility.
In this context the prejudicial effect of the similarity of Peterson's prior conviction and the crime charged is so great that it outweighs the value of the conviction for impeachment purposes.
Peterson also challenges the failure of the trial judge to give a limiting instruction to the jury. The State claims that this is without merit. Citing Sexton v. State, supra, and Dubose v. State, supra. In Ranier, supra, defense counsel submitted four different cautionary instructions which were refused by the judge. Ranier, at 174. Addressing the trial judge's failure to reform the instructions this Court stated, "If the instructions submitted by counsel are deficient, the trial judge can and should instruct the jury on his own initiative." Ranier, at 174. See also, Guilbeau v. State, 502 So.2d 639, 643 (Miss. 1987); Harper v. State, 478 So.2d 1017, 1018 (Miss. 1985).
In U.S. v. Diaz, 585 F.2d 116 (5th Cir.1978), the defendant in a drug prosecution was impeached with evidence of two prior drug convictions. Diaz, at 117. The jury was not instructed that they could consider *638 these prior convictions only for impeachment. No limiting instruction had been requested by defense counsel and the Fifth Circuit held that the failure to grant such an instruction rose to the level of plain or fundamental error. Diaz, at 118. The court stated:
... When during a jury trial evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the cocaine charges from the fact of previous convictions on cocaine charges. Thus, in this situation when no cautionary instruction is given to the jury, prejudicial error has intervened... . We cannot state with assurance that the failure to give a limiting instruction sua sponte did not influence the jury or have but a very slight effect on its deliberation. Accordingly we must set aside the conviction and order a new trial.
Diaz, at 118.
Because we find that the admission of Peterson's previous marijuana conviction into evidence without a determination on the record under Rule 609(a)(1), that the probative value of the evidence outweighed its prejudicial effect was erroneous, this case must be reversed and remanded. In the future in such situations the trial judge must specifically weigh, on-the-record, those factors which make the conviction probative against those factors which make the evidence of the conviction prejudicial. Since the evidence in this case was manifestly prejudicial, the Preston procedure of remanding only for a finding under Rule 609 does not apply and a new trial must be granted.
The holding of the Fifth Circuit in Diaz is a logical application of the principles which undergird Newell v. State, 308 So.2d 71 (Miss. 1975). We therefore suggest to the trial judges of this State that the better practice is that a limiting instruction be granted by the trial judge sua sponte when proper request is not made by defense counsel.
This assignment is well taken and the conviction of Henry Peterson must be reversed and the case remanded for a new trial.

II.

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FAILING TO GRANT THE APPELLANT'S MOTION FOR A MISTRIAL AFTER A PROSPECTIVE JUROR MADE A PREJUDICIAL REMARK DURING VOIR DIRE IN THE PRESENCE OF THE JURY PANEL?
This assignment arises from a response given during the voir dire of the jury. No transcript of the voir dire is included in the record, but the court and the parties placed the operative facts of this assignment into the record and a statement by the trial court is as follows:
Let the record show that during the voir dire of a juror, White, that the State asked the juror a question, to-wit: do you know Birdlegs (Alexander), to which the juror responded "I know his wife and I have come to the jail with her before" or words to that effect, whereupon, Attorney for the Defendant approached the bench and requested that a mistrial be declared because of the reference made by the juror as to the jail, as in Mr. Dyer's opinion, such was prejudicial to the defendant.
An analysis of this assignment of error is difficult as it is not clear what the jurors heard during voir dire. Furthermore, it is unclear whether the jurors knew that Alexander was Peterson's co-indictee.
We have stated many times that it is the duty of the appellant to present a record of trial which is sufficient to support his assignments of error. Winters v. State, 473 So.2d 452, 457 (Miss. 1985); Kelly v. State, 463 So.2d 1070, 1073 (Miss. 1985); Dorrough v. State, 437 So.2d 35, 37 (Miss. 1983).
Based on what we have before us we cannot say from the evidence in this record that the trial judge abused his discretion in *639 denying Peterson's motion for a mistrial. This assignment is without merit.

III.

DID PREJUDICIAL ERROR OCCUR WHEN OVER OBJECTION THE STATE'S WITNESS, SHIRLENE ANDERSON, WAS ALLOWED TO TESTIFY CONCERNING BITS AND PIECES OF THE ALLEGED SALE WHICH SHE WAS ABLE TO OVERHEAR FROM A HIDDEN TRANSMITTER, SINCE SHE WAS UNABLE TO IDENTIFY THE APPELLANT AS ONE OF THE PARTIES TO THE SALE?
Anderson and Bethea, agents of the MS Bureau of Narcotics, were some distance away from the alleged transaction receiving signals from the transmitter which was hidden on Agent Connor. Agent Anderson testified that she could not see the alleged transaction but she could hear parts of a conversation between Agent Connor, Holmes, and a third party whose voice she could not identify. The transaction was to have been tape recorded, but the agents did not have the proper size tapes to fit the recorder.
Peterson objected to the admission of this testimony on the grounds that it was hearsay, and that the entire conversation was not transmitted, and that Agent Anderson was unable to identify Peterson as a party to the conversation. The State responded that the evidence was part of the "res gestae," and the trial judge allowed it to be admitted.
Peterson argues that he was prejudiced by the following statement which was admitted at trial through Agent Anderson:
Agent Connor was talking and I could hear statements made by her that they had finished negotiating from $175.00 to $225.00 of marijuana for a quarter pound of marijuana and the subject was going back to get the marijuana. Later, I could tell that someone had returned back because the car door opened... .
We analyze this assignment under the Mississippi Rules of Evidence which offer the following definitions:
RULE 801. DEFINITIONS.
The following definitions apply under this article:
(a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.
(b) Declarant. A "declarant" is a person who makes a statement.
(c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
Rule 801, Mississippi Rules of Evidence.
If the out-of-court statement made by Agent Connor was offered through Agent Anderson to prove that Agent Connor had in fact just finished negotiating for four ounces of marijuana, then the statement is hearsay. Under Rule 802, Mississippi Rules of Evidence, hearsay evidence is generally inadmissible. However, we find that this hearsay statement was properly admitted since it falls under Rule 803(1) which provides:
RULE 803. HEARSAY EXCEPTIONS: AVAILABILITY OF DECLARANT IMMATERIAL.
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.
Rule 803(1), Mississippi Rules of Evidence.
The Comment to Rule 803(1) addresses the State's contention that this evidence is admissible as part of the "res gestae." The Comment provides, in part:
The present sense impression is not the same thing as the res gestate exception, although the res gestae concept has been used to cover situations where present *640 sense impression would have been appropriate. Houston Contracting Co. v. Atkinson, 251 Miss. 220, 168 So.2d 797 (1964). Rule 803 does not provide for an explicit res gestae exception. The rules, in effect, abandon the elusive concept of res gestae. Rules 803(1), (2), (3), and (4) have elements of the old res gestae exception but they are far more specific and therefore, they surmount much of the justified criticism regarding res gestae.
Comment, Rule 803(1), Mississippi Rules of Evidence.
To be admissible as a present sense impression the statement must meet the three requirements set out in Rule 803(1):
(1) A statement must be made while the event or condition is being perceived by the declarant or "immediately thereafter;"
(2) The declarant must "perceive" the event or condition;
(3) The statement must describe or explain the event or condition.
See 4 J. Weinstein, Evidence, Para. 803(1)[01] pages 803-75 through 81 (1987).
It appears that Agent Connor was in a position to witness the transaction, and that her statement was made immediately after participating in the negotiation which she had described, therefore, the trial judge did not err in allowing Agent Connor's statement to be admitted through Agent Anderson. There is no merit to this assignment of error.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The crime for which Peterson had previously been convicted (possession of marijuana) does not fall under Rule 609(a)(2), which compells the trial court to admit evidence that a witness has been convicted of certain crimes. See, Comment, Rule 609, Mississippi Rules of Evidence.