I concur in the result reached by the majority. I do not, however, agree with Part II of the opinion expressing approval of the trial court's preclusion of impeachment evidence proffered by the defendant. I write separately to explain my disagreement.
The majority concludes that burglary offenses have no probative value as to truthfulness. I believe that such convictions have value. That value can be outweighed by prejudicial effect, as, for example, where the witness to be impeached is charged with the crime of burglary or a similar crime. The apparent genesis of the view that there are felonies which can be considered "non-probative" on the issue of truthfulness is McInnis v.State, 527 So.2d 84, 88-89 (Miss. 1988). What we call "probative value" there, however, is more properly viewed as "impeachment value," the first factor of what we have labeled the Peterson
test. Peterson v. State, 518 So.2d 632 (Miss. 1987). If Miss.R.Evid. 609(a)(1) convictions are to be evaluated for "probative value," what are the criteria other than whether they involve dishonesty or false statement? If this is so, why was 609(a)(2) written?
In my view, all felonies committed within the time period specified by the rule have "probative value" for purposes of invoking the Peterson weighing factors. Indeed, the rule at common law was that one who had been convicted of a felony was incompetent as a witness. McCormick on Evidence, Third Edition, § 43, p. 93. Modern rules abandon the doctrine of incompetence but retain the use of felonies as grounds for impeachment. Id.
93-95. Some felonies — aggravated assault, murder and rape — have less impeachment value than others, perjury and fraud, for example. The Peterson mechanism takes that into account.
Burglary is a felony punishable by imprisonment for more than a year. For impeachment purposes, a conviction for burglary is admissible by virtue of the rule, provided that its probative value, a given under the rule and at common law, is not outweighed by its prejudicial effect. This test requires an assessment of the weight of its impeachment value, together with other factors which we have labeled the Peterson test.
Finally, we should note that the impeachment evidence was offered against two persons, one a party, who will not be a party on remand because we order a severance, and the other a witness, who is not a party. Our rule requires an assessment of prejudicial effect upon a party only, not a mere witness. Miss.R.Evid. 609(a)(1). Subject to the broader provisions of Rule 403 where the burden of showing that prejudice outweighs probative value is on the *Page 1109 
objector, no weighing is required where the impeachment evidence is offered against a mere witness.
McRAE, J., joins this opinion.
[EDITORS' NOTE: PAGES 1109 — 1117 CONTAINED A WITHDRAWN OPINION.] *Page 1117