641 So.2d 1184 (1994)
Edward L. HENDERSON,
v.
STATE of Mississippi.
No. 90-KA-0615.
Supreme Court of Mississippi.
August 11, 1994.
*1185 Mose Lee Sudduth, Jr., Columbus, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
En Banc.
BANKS, Justice, for the Court:
In this appeal of an aggravated assault conviction, Edward Henderson asserts error in the court's rulings on his Batson challenge, the exclusion of a juror, and the use of a prior conviction for impeachment. We find no error and affirm.

I
Henderson's Batson claim is based on the fact that five of the state's seven peremptory challenges were used against blacks. He claims that the reasons given for those challenges were subjective "illusory type things," insufficient to pass Batson muster. The reasons given were: (1) the juror had a brother in the penitentiary; (2) the juror attended high school with the defendant; (3) the juror wore dark glasses in the courtroom, exhibiting, in the prosecutor's view, an unfavorable attitude; (4) the juror's employment in a company in which there had been a riot which was quelled by police, possibly generated a negative view of law enforcement; and (5) the juror shared a last name with many persons in the penitentiary, and the prosecutor believed that he was related to an inmate.
The defense made no attempt to show that the reasons proffered were pretextual, of disparate impact, or not true. While some of the reasons appear weak, at best, we have held that a litigant is not precluded from exercising "a peremptory challenge for a non-race based reason that objective and fair-minded persons might regard as absurd." Chisolm v. State, 529 So.2d 635, 639 (Miss. 1988). In the recent decision in Hatten v. State, 628 So.2d 294 (Miss. 1993), this Court applied prospectively a requirement that the trial court make on the record factual determinations regarding proffered reasons for excusing jurors. While this case was tried prior to Hatten, and for that reason the Hatten requirement does not apply, the circumstances here demonstrate the importance of requiring the trial court to make an on-the-record determination. Without such findings, it is nearly impossible for this Court to effectively review the determination whether a prospective juror has been deprived of her right to serve on a jury because she is a member of a particular racial group.
On its face, the reason offered by the prosecutor, that a particular juror worked at a plant where there had been a riot was raceneutral. There is nothing in the record to suggest otherwise. There is no evidence that whites were seated, who worked at the same plant during the riots, while this potential juror was excluded for that reason. Nor did the defense offer any evidence to show, for example, that ninety percent of the work force at that particular plant was black. A fact such as that could have been used to demonstrate that the prosecutor's exercise of peremptory challenge to exclude someone because of employment at the plant has a disparate impact on blacks. The same can be said for the other proffered reasons, especially those of which there is no clear record and which are too general for serious credit.

II.
After the jury retired to deliberate, one of the jurors sent a note that she had recognized one of the witnesses as a person that she knew previously. Without objection, *1186 the jury was recalled and the juror questioned as to the effect of her knowledge on deliberations. Her reply was that there would be no effect, in that she knew the witness only slightly. The jury was allowed to continue deliberations without objection and with the express acquiescence of the defendant. There is absolutely no indication that defendant was prejudiced at all by the participation of this juror. Nor is there an indication that the juror deliberately withheld information. Equally important and dispositive for our purposes is that Henderson made no objection and sought no relief once the juror's knowledge of the witness was exposed. The failure to make a timely request for relief from the trial court waives the issue. See, e.g., Brent v. State, 632 So.2d 936 (Miss. 1994); Nixon v. State, 533 So.2d 1078, 1106 (Miss. 1987).

III
Finally, Henderson contends that the court erred in failing to exclude evidence of his prior 1983 grand larceny conviction. The trial court correctly applied the so-called Peterson factors to allow the use of this prior conviction for impeachment. Peterson v. State, 518 So.2d 632 (Miss. 1987); See also, Settles v. State, 584 So.2d 1260, 1264 (Miss. 1991). What we have here is a run-of-the-mill previous felony conviction that is not unduly prejudicial because of similarity, heinousness or any other reason. The decision of the circuit court to allow this conviction for impeachment, pursuant to the provisions of Miss.R.Evid. 609(a)(1), was well within its discretion.

IV
For the foregoing reasons, the judgment of the circuit court is affirmed.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.