5/20/97

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00775 COA

SHARON ALLISON A/K/A CARLA HENDERSON A/K/A SHARON ARELETHA ALLISON A/K/A CARLA ANN HENDERSON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. KOSTA N. VLAHOS

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

MICHAEL W. CROSBY

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: BILLY GOREDISTRICT ATTORNEY: CONO CARANNA

NATURE OF THE CASE: CRIMINAL

TRIAL COURT DISPOSITION: POSSESSION OF CONTROLLED SUBSTANCE: SENTENCED TO SERVE A TERM OF 3 YRS IN THE CUSTODY OF THE MDOC

MOTION FOR REHEARING FILED:6/3/97

MANDATE ISSUED: 10/30/97

BEFORE BRIDGES, C.J., HERRING, AND PAYNE, JJ.

HERRING, J., FOR THE COURT:

Sharon Allison was convicted of possession of a controlled substance and sentenced to serve a three year term in the custody of the Mississippi Department of Corrections. Aggrieved with the jury verdict and sentence, Allison has filed this appeal and raises the following issues:

A. WHETHER THE COURT ERRED IN ALLOWING INTO EVIDENCE ALLISON'S PRIOR KNOWLEDGE OF CRACK COCAINE WHEN IT OVERRULED HER MOTION IN LIMINE?

B. WHETHER THE COURT ERRED IN OVERRULING ALLISON'S MOTION IN LIMINE, ALLOWING INTO EVIDENCE A PRIOR CONVICTION?

C. WHETHER THE COURT ERRED IN FAILING TO GIVE A LIMITING INSTRUCTION TO THE JURY *SUA SPONTE*?

Finding no error, we affirm.

## I. THE FACTS

On February 24, 1994, at approximately 11:00 p.m., Gulfport Police Officer Jeff Michel saw a vehicle blocking a lane of traffic. Michel recognized the driver as Patrick Daniels whom he knew from previous narcotics violations, and he also knew Daniels did not have a valid driver's license at the time. Michel stopped the vehicle and placed Daniels under arrest for traffic violations.

On the evening in question, Officer Michel was accompanied by Officer Vicky Byrd. Her responsibilities included watching and searching any females apprehended. At the time Michel arrested Daniels, Officer Byrd approached the passenger side of Daniels' vehicle where Sharon Allison was seated. Upon opening the door, Byrd saw what was later confirmed to be marijuana between the seat and the door. After the officer removed Sharon Allison from the vehicle, a search uncovered additional marijuana and rolling papers in her jacket. At the time of her arrest, Allison identified herself as Carla Henderson. She later admitted at trial that she had lied to the police concerning her identity and that Carla Henderson was in California.

After she was arrested, Allison was placed in the patrol car, and Officer Byrd noticed that Allison was making "swallowing motions." Byrd testified that she asked Allison to open her mouth and lift her tongue. When Allison complied, Byrd saw an off-white rock-like substance in the back of the Appellant's mouth. At this time, Byrd placed her hand on Allison's throat, and upon request, Allison spit out two "rocks" into Byrd's hand. Allison testified that the officer forcibly removed the rocks from her mouth, which were later determined to be crack cocaine.

At trial, Allison testified that she was under the influence of alcohol and marijuana at the time of her arrest and that she had become a passenger in her cousin's vehicle only a few minutes before they were stopped by police. She contended that when Daniels realized that he was being stopped by the police, he passed something to her and told her to swallow it. She further testified that she did not know what had been hurriedly passed to her by her cousin just before they were arrested, and that she put the items into her mouth without looking at them.

Prior to opening statements, Allison, through counsel, stated her intention to testify in her own defense, but raised an objection to any effort by the State to offer evidence of her prior conviction in 1988 for felonious possession of cocaine in powder form with intent to distribute. Later in the trial, during a recess of Allison's testimony, the trial court conducted a "*Peterson* hearing" and overruled Allison's motion to exclude any evidence of her 1988 drug-related conviction. Allison had an additional prior criminal record and was also under indictment as a habitual offender for another drug-related crime at the time, but the State made no attempt to present any such evidence to the jury.

After the trial court allowed the State to bring out her 1988 felony conviction, Allison gave detailed testimony concerning her history with drugs and testified that she was familiar with cocaine in powder form and "crack", the baked form of cocaine that was taken from her by Officer Byrd. However, she steadfastly maintained that she did not and could not identify what she was putting in her mouth at the time of her arrest by Officers Michel and Byrd since everything happened quickly, and she really did not see what she was being asked to swallow. Linda Faye Weeks, a supervisor with the Mississippi Gulf Crime Laboratory, testified that the substance taken from Allison's mouth was cocaine based upon the chemical analysis performed at her office. She also testified that she could not identify rock cocaine without chemical testing.

## II. DISCUSSION

Allison's first two issues will be discussed together.

A. WHETHER THE COURT ERRED IN ALLOWING INTO EVIDENCE ALLISON'S PRIOR KNOWLEDGE OF CRACK COCAINE WHEN IT OVERRULED HER MOTION IN LIMINE?

B. WHETHER THE COURT ERRED IN OVERRULING ALLISON'S MOTION IN LIMINE, ALLOWING INTO EVIDENCE A PRIOR CONVICTION?

After Allison had been called as a witness in her own defense and after direct examination by her counsel had been completed, the jury was excused and, by prearranged agreement, the State announced its intention to cross-examine Allison concerning her January 27, 1988, conviction of illegal possession of cocaine with intent to distribute, based upon the provisions of Mississippi Rule of Evidence 404(b). As justification for its decision to bring up Allison's prior conviction, the prosecutor stated:

She's alleging mistake, she's alleging identity, she didn't know what the substance was, that's clear in the direct examination. It would be my intention to offer it under that rule.

I do think, your Honor, after discussing it with other assistants in the office that the Court needs to make a *Peterson* finding, that probative value would outweigh the prejudicial effect . . . .

(emphasis added). In making its ruling to allow the State to cross-examine Allison in the presence of the jury concerning her prior conviction, the trial court considered the familiar factors enunciated in *Peterson v. State*, 518 So. 2d 632, 636-37 (Miss. 1987). Applying the *Peterson* balancing test

involves consideration of the following five factors:

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

(5) The centrality of the credibility issue.

*Peterson*, 518 So. 2d at 636 (quoting 3 J. Weinstein, *Evidence*, 609 [04] (1987)). *See also McInnis v. State*, 527 So. 2d 84, 87 (Miss. 1988).

After hearing from the State and from Allison, the court found that more of the factors favored admissibility, the only exception being the similarity between the past crime and the offense charged. The court considered the core issue to be whether or not Allison knew the substance was cocaine and concluded that any prejudice resulting from revealing the prior conviction was outweighed by the relevance and probative nature of the conviction. Thereafter, Allison was cross-examined concerning her previous felony conviction:

Q. Okay. Sharon, I want to ask you about something that happened in 1988. Did you plead guilty in 1988 to having possession of powder cocaine and giving it to -- or did you do that, with intent to give it to somebody?

A. Yes, I did.

Q. Approximately how much was that?

A. It was about $25 worth, I believe.

Q. Okay. That's in 1988?

A. Yes. It was in 1988.

Q. When did those acts --

A. No. It was in 1985.

Q. And the convict was in 1988?

A. Yes.

In *Johnston v. State*, 567 So. 2d 237, 238 (Miss. 1990), our supreme court stated: "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." (citations omitted). "Unless the trial judge's discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling." *Smith v. State*, 656 So. 2d 95, 98 (Miss. 1995) (citations omitted). However, "[t]he discretion of the trial judge must be exercised within the boundaries of the Mississippi Rules of Evidence." *Johnston,*

567 So. 2d at 238.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It *may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.*

M.R.E. 404(b) (emphasis added). In *Smith v. State*, our supreme court ruled that even if evidence of a prior conviction is otherwise admissible under Rule 404(b), that evidence must still pass muster through the "ultimate filter" of Rule 403. *Smith*, 656 So. 2d at 99. Rule 403, *inter alia*, excludes relevant evidence where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." M.R.E. 403. When impeachment of a defendant is to be attempted, a process that invokes Rule of Evidence 609, our supreme court has required that an on-the-record determination of the *Peterson* factors be made. Here, the relevance of the impeachment is apparent because of the more general "other bad acts" language of Rule 404(b). Thus, both rules are implicated. Consequently, the trial court was correct in conducting an on-the-record analysis of *Peterson* even though the evidence was to be admitted to impeach Allison on the issue of knowledge. In making the determination, our trial courts were instructed in *Peterson* to consider and weigh the probative value of the prior convictions against the prejudicial effect of their admission, and to consider the five factors mentioned above. *Peterson*, 518 So. 2d at 636. Prior to *Peterson,* these five factors were identified in Weinstein's *Evidence*. 3 J. Weinstein, *Evidence,* 609[04] (1987) (citing *United States v. Preston*, 608 F.2d 626, 649 (5th Cir. 1979) (analyzing the identical applicable rules in the Federal Rules of Evidence)).

The rationale for this rather stringent procedure is that prior convictions are not admissible for any purpose other than attacking the credibility of the witness. *McInnis v. State*, 527 So. 2d 84, 88 (Miss. 1988). Moreover, a prior conviction may not be used to demonstrate "a propensity on the part of the defendant to have acted on the present occasion in conformity with the criminal character suggested by the previous conviction." *United States v. Preston*, 608 F.2d 626, 639 (5th Cir. 1979). *See also McLemore v. State*, 669 So. 2d 19, 22 (Miss. 1996).

BALANCING THE <em>PETERSON</em> FACTORS

1. The impeachment value of the prior crime. Allison was previously convicted of possession of powdered cocaine with intent to distribute. This crime had little, if any, impeachment value. Thus, this factor weighs against the admissibility of the prior conviction.

2. The point in time of the conviction and the witness' subsequent history. The previous conviction in the case *sub judice* occurred in 1988, more than six years prior to the date of the offense charged in the case at hand. The age of the conviction does not weigh against admissibility. *See United States v. Rubio-Gonzalez,* 674 F.2d 1067, 1075 (5th Cir. 1982).

3. The similarity between the past crime and the charged crime. The past crime, possession of cocaine with intent to deliver, is similar to the present charge. Thus, the prejudicial effect of the prior

conviction is very high, and this factor weighs heavily against admissibility.

4. <u>The importance of the defendant's testimony</u>. Allison was the only defense witness and was the only witness, other than her cousin, Patrick Daniels, who could establish that she did not know what she was swallowing. As stated in *Peterson*, "important testimony from the defendant will not be excluded because he fears the prejudicial effect his previous conviction might have on the jury." *Peterson*, 518 So. 2d at 637. Thus, the importance of Allison's testimony weighs against admissibility.

5. <u>The centrality of the credibility issue</u>. Allison's defense (lack of knowledge of what she was swallowing) must succeed or fail, based upon her credibility. She is the only witness who can establish her defense. Thus, the importance of her credibility, as applied to the facts of this case, weighs heavily in favor of the admissibility of her prior conviction, to the extent that her prior conviction reflects adversely on her credibility.

Considering all of the *Peterson* factors, and the rationale employed by our supreme court in that case, it is our opinion that the value of the conviction for impeachment purposes outweighs the similarities of the prior conviction and the offense charged and that the trial court did not abuse its discretion in allowing the prior conviction to be considered by the jury. We are mindful that the purpose of the State in offering evidence of Allison's prior drug related conviction was to demonstrate that Allison was knowledgeable of the look and character of crack cocaine, and clearly was designed to attack the credibility of her statement that she did not know what she was putting in her mouth.

Prior to the adoption of our current Mississippi Rules of Evidence, defendants who testified could be impeached by prior conviction, felony or misdemeanor, other than misdemeanor traffic offenses. *Peterson,* 518 So. 2d at 636. Such is no longer the law in this state.

## C. WHETHER THE COURT ERRED IN FAILING TO GIVE A LIMITING INSTRUCTION TO THE JURY *SUA SPONTE*?

Relying on *Smith v. State*, 656 So. 2d 95 (Miss. 1995), Allison argues that the court should have given, *sua sponte,* a limiting instruction, instructing the jury on the limited purpose for which it was admitting the evidence of her prior conviction. Allison did not request a limiting instruction and raised the issue for the first time in her motion for a new trial.

Allison's trial took place on March 14, 1995. The supreme court entered its decision in *Smith v. State* on May 11, 1995. A hearing was held on Allison's motion for a new trial on July 17, 1995.

In *Smith*, as in the present case, the appellant argued that it was error for the lower court not to grant a cautionary instruction *sua sponte* after concluding that evidence of other crimes was admissible. The supreme court, after recognizing the necessity of a cautionary instruction stated:

Nevertheless, we must be mindful of our rules. We have promulgated M.R.E. 105 which clearly contemplates that restrictive instructions be given upon request and as the Comment acknowledges, that in the absence of a request, there is no error. M.R.E. 105 and Comment. We are loath to reverse for plain error in the face of a rule so clear. *We say for the future*, however, that wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall

conduct an MRE analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.

*Smith*, 656 So. 2d at 100 (emphasis added). The court in *Smith* found that there was insufficient evidence to support a conviction of a possession with intent to distribute where the only evidence of intent was evidence of past sales. *Id.* The court remanded the case for resentencing on the charge of possession of cocaine only. *Id.* at 102. The court did not reverse the case and vacate the sentence for failure to grant a cautionary instruction as Allison urges this Court to do.

At the hearing on Allison's motion for new trial, the judge after considering *Smith* concluded: "So it appears to me that this decision which was handed down May 11th, 1995, is going to be effective from and after that date and not prior to that date." Since the language of *Smith* clearly indicates that it was to have prospective application only, we conclude that the trial court did not err in this instance. For the reasons stated, we affirm the judgment of conviction of the lower court.

**THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., NOT PARTICIPATING.**