KING, P.J.,
for the Court:
¶ 1. The Harrison County Circuit Court convicted Richard Lawler of unlawful touching of a minor for lustful purposes. Lawler was sentenced, as an habitual offender, to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by the decision, he appeals and raises the following issues: *587 did the trial court improperly admit the taped hearsay statement of the alleged victim pursuant to M.R.E. 803(25) and did the court improperly admit the prior grand larceny conviction of the appellant for impeachment purposes?
FACTS
¶ 2. Jane Doe[1] worked at the local casino from 9:00 a.m. until 5:00 p.m. during the week and during some weekends. This schedule made it difficult for Jane to provide supervision and care for her daughter, Judy Doe, after school and on some weekends. Richard Lawler, who had lived with Jane Doe for approximately two weeks, volunteered to care for Judy after school and on some weekends. Judy was then nine years of age, and ten when this matter went to trial. One afternoon when Lawler was providing after school care for Judy Doe, he engaged in inappropriate physical contact with her. Lawler placed his hand in Judy’s panties. This occurred on several occasions. There were other occasions when Lawler attempted to force Judy’s hand upon his penis. Judy did not report these incidents to her mother because Lawler advised her not to tell anyone. After living with Lawler for one month, Jane Doe decided to move in with a friend because Lawler began to exhibit strange behavior.
¶ 3. Approximately one month after the incidents, Judy Doe confided in her best friend, Jenny Roe, what Lawler had attempted. Jenny Roe told her mother, Jean Roe, who notified Jane Doe of the incident. Jane Doe immediately reported the events to the police. Robert Cox, an investigator with the sheriffs department, investigated the incident. That investigation included separate recorded interviews with Judy and her mother. During the interview, Judy Doe stated that she told the truth about the incident. The tape of Judy’s interview was admitted at Lawler’s trial. When interviewed by Cox, Lawler claimed to have no memory of the incident because of injuries received in a recent motorcycle accident. However, Lawler did tell Cox that Jane Doe fabricated the entire story but could not give a reason for the fabrication. At trial, Lawler denied any inappropriate physical contact with the child.
ISSUES AND ANALYSIS
I.
Did the trial court improperly admit the taped hearsay statement of the alleged victim pursuant to M.R.E. 803(25)?
¶ 4. The taped statement made by Judy Doe to Officer Cox was properly admitted under the Mississippi Rule of Evidence 803(25) hearsay exception. M.R.E. 803(25) provides “[a] statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if (a) the court finds, in a hearing conducted outside the presence of the jury ... the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness.... ” Pursuant to the requirements of M.R.E. 803(25), the trial court conducted a hearing outside the presence of the jury. In that hearing, the trial court specifically received evidence and arguments on the twelve factors identified in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), as relevant to a hearsay exception under M.R.E. 803(25). After an on the record analysis of these factors, the trial court ruled that the testimony properly fell under this exception. The trial court’s analysis and ruling are supported by the evidence advanced. *588 Accordingly, we find no error in the admission of this tape.
II.
Did the trial court improperly admit the prior grand larceny conviction of the appellant for impeachment purposes?
¶ 5. Lawler argues that evidence of his prior grand larceny conviction was improperly admitted. He alleges that the trial court failed to conduct a balancing analysis as required by Rule 403 M.R.E., which resulted in the admission of evidence, which was more prejudicial than probative.
¶ 6. As the State notes, Rule 609 provides for the admission of prior convictions for purposes of impeachment. Evidence of Lawler’s prior conviction was admitted pursuant to 609(a)(1) which provides that “[ejvidence that a witness has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination ... if the crime was punishable by death or imprisonment of one year ... and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect....” Before admitting evidence of a prior crime, the court must determine the probative value of admitting this evidence. The trial court is required to make this analysis and determination on the record. Peterson v. State, 518 So.2d 632, 636 (Miss.1987). See also McGowan v. State, 726 So.2d 217, 219 (Miss.Ct.App.1998). This analysis and determination requires consideration of several factors, among them, 1) the kind of crime involved, ,2) when the conviction occurred, 3) importance of the witness’s testimony to the case, and 4) the importance of the credibility of the defendant. Peterson, 518 So.2d at 636 (citing U.S. v. Preston, 608 F.2d 626, 639 (5th Cir.1979)).
¶ 7. The trial court conducted an on the record analysis of each Peterson factor and determined that Lawler’s grand larceny conviction was relevant to his credibility as a witness. Additionally, the trial court determined that evidence of this conviction was more probative than prejudicial. However, in an effort to limit its prejudice, the trial court instructed the jury that Lawler’s conviction of grand larceny could not be considered in the determination of his guilt, but was limited solely to the question of his credibility. The court conducted an on-the-record analysis of the evidence consistent with Peterson and determined that the evidence was more probative than prejudicial. We find no error in the trial court’s admission of this evidence.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.

. The aliases listed in this case are used to protect the identity of the minor victim involved. Judy Doe is the name of the minor victim in this case, and her mother is listed as Jane Doe. Judy Doe’s best friend is listed as Jenny Roe. Jenny Roe's mother is listed as Jean Roe.