881 So.2d 303 (2004)
Willie Daron TRIPLETT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01203-COA.
Court of Appeals of Mississippi.
May 25, 2004.
Rehearing Denied August 31, 2004.
*304 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Willie Daron Triplett was convicted of business burglary by a jury of the Circuit Court of Neshoba County and sentenced, as a habitual offender, to seven years in the custody of the Mississippi Department of Corrections. Feeling aggrieved by this decision, Triplett files this appeal and brings forth the following issue: whether the circuit court erred in allowing the prosecution to introduce evidence of his prior convictions for the purpose of impeaching him on cross-examination.
¶ 2. Ascertaining no reversible error, we affirm.

FACTS
¶ 3. In the early morning hours of January 9, 2001, a motion sensor alarm sounded at Vowell's Marketplace, a grocery store in Philadelphia, Mississippi. An assistant manager arrived at the store where police officers were waiting. Upon entering the store, the manager and police discovered that cigarettes were scattered about the store and that one of the back doors had been propped up with a pallet. This door was let back down and locked. Upon finding no explanation for why the alarm sounded, the manager and police left the store.
¶ 4. Soon thereafter, the alarm went off a second time. The police arrived at the store and surveyed the outside of the premises; however, they found nothing.
¶ 5. The alarm went off a third time. The police came back to the premises and again called the manager to meet them at the store. During their investigation of the premises, police found that the lock of a second back door was broken from the inside and that several sacks of groceries had been stacked by that door. More officers were summoned to do a thorough search of the premises. During this search of the store, Willie Triplett was found inside and apprehended.
*305 ¶ 6. Triplett was charged with business burglary and after a two-day trial, was found guilty as charged.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Triplett argues that the circuit court erred in allowing the prosecution to introduce evidence of his prior convictions to impeach him on cross-examination. The State counters that the circuit court appropriately applied Rule 609 of the Mississippi Rules of Evidence to resolve the issue and correctly found that the probative value of the evidence outweighed any prejudicial effect. Moreover, the State argues that the evidence of Triplett's guilt was overwhelming.
¶ 8. To resolve this issue, we look to Rule 609 of the Mississippi Rules of Evidence which states:
(a) General Rule. For the purpose of attacking the credibility of a witness,
(1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party; and
(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.
M.R.E. 609(a).
¶ 9. While conceding that Rule 609(a) is applicable, Triplett argues that a witness's prior convictions are probative, and thus admissible, only when those crimes relate to that witness's credibility. He further asserts that the crime of burglary has no probative value on the issue of truthfulness, and therefore, those convictions involving the crime of burglary should not be admissible under Rule 609 to impeach him. He then cites McInnis v. State, 527 So.2d 84 (Miss.1988); Saucier v. State, 562 So.2d 1238 (Miss.1990); and Tillman v. State, 606 So.2d 1103 (Miss.1992) as support for his position.
¶ 10. We find no merit in Triplett's arguments. We first note that McInnis, Saucier, and Tillman were all overruled by White v. State, 785 So.2d 1059 (Miss.2001) to the extent that the cases only allowed prior convictions relating to dishonesty or a false statement to be used for impeachment purposes. Id. at 1061. Secondly, according to White, "[u]nder M.R.E. 609(a)(1), the crime which is the basis for impeachment does not have to involve dishonesty or a false statement." Id. Therefore, a crime which does not involve propensity of truthfulness may be admissible under 609(a)(1) so long as it meets the requirements which are set forth in that rule.
¶ 11. The next question becomes whether the convictions of Triplett were properly admitted under Rule 609(a)(1)(B). The plain language of Rule 609(a)(1)(B) requires that before admitting evidence of a party's conviction of a crime, the trial judge must determine "that the probative value of admitting this evidence outweighs its prejudicial effect." Peterson v. State, 518 So.2d 632, 636 (Miss.1987).
¶ 12. In Peterson, our supreme court held that a trial judge must make an on-the-record finding that the probative value of admitting a prior conviction outweighs its prejudicial effect before admitting a non-609(a)(2) prior conviction for impeachment purposes under Rule 609(a)(1). Id. An on-the-record finding that the probative value outweighs the prejudicial effect *306 is not merely an idle gesture. Id. The purpose of this on-the-record balancing requirement is so that on appeal "[an appellate court] can more easily ascertain whether or not the trial judge has abused his discretion in granting or denying admissibility of prior convictions for impeachment purposes." Jones v. State, 702 So.2d 419, 421(¶ 14) (Miss.1997) (citing McGee v. State, 569 So.2d 1191, 1195 (Miss.1990)).
¶ 13. The following five factors should be used by the trial judge to determine whether the probative effect of admitting the evidence outweighs the prejudicial effect of its admission:
(1) The impeachment value of the prior crime.
(2) The point in time of the conviction and the witness' subsequent history.
(3) The similarity between the past crime and the charged crime.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue.
Peterson v. State, 518 So.2d at 636.
¶ 14. In the case sub judice, the prosecution offered to introduce into evidence four prior felony convictions of Triplett  three for burglary and one for receiving stolen property  in its effort to impeach him on cross-examination. After hearing Triplett's objections, the trial judge commenced its consideration of the Peterson factors and made the following findings:
Okay. All right. The Court is cognizant, of course, of Rule 609. And the Court has attempted now to invoke the Peterson factors. And I have heard the District Attorney's analogy on that. And I will go over them again as you have argued them as far as the impeachment value. Certainly, there is involved the intent. It appears to reflect a pattern of a lifestyle, which goes back to 1994 and coming to the present. House burglary, house burglary, receiving stolen property, and then now, of course, the crime here, which is business burglary. That is a definite pattern. Point in time, of course, we are governed by the ten year time period.1994 is getting near there, but it is not there. So, the Court looks at that and considers it, but not being decisive. The similarity  I am overlapping as far as my comment on that, because I made a comment on that as far as issue number one. The house burglaries, those two, and then this being a commercial burglary. Certainly, there is the similarity. Maybe a business building versus a residence. Both cases the person  the defendant would  would be going into a place where the business occupants would not be there or the resident owners would not be there. Number four, I agree with the State that the importance of the defendant's testimony, the centrality of it, that mitigates in favor of the defendant, because apparently he is the whole show. And that is just the way it is. Of course, the Court has the right to allow, even though discovery did not disclose other witnesses, the Court allow possibly other testimony [sic]. And then the centrality of the credibility this as far as the Court's analogy on that, the testimony of the defendant is just the opposite of that of Officer Sistrunk [sic]. The defendant at the time was certainly not under the influence of crack cocaine. It was 24 hours later. And his statement bears out as far as what Officer Sistrunk has said. So I think the centrality aspect mitigates in favor of admission. So, as I look at all the factors together, I think  I so find that the probative value is greater than the prejudicial effect. So, I allow the State to impeach the defendant as far as his credibility on the prior convictions. Anything further?
*307 ¶ 15. While we acknowledge that the circuit judge engaged in the proper procedure of admitting the convictions, we do not agree with some of his findings concerning the Peterson factors and ultimately his decision to admit the three prior convictions of burglary and one prior conviction of receipt of stolen property. Unlike the circuit judge, we see little, if any, impeachment value in Triplett's prior burglary convictions and his receiving stolen property conviction. Our supreme court has stated that burglary is not necessarily a crime affecting veracity. Townsend v. State, 605 So.2d 767, 769 (Miss.1992). Moreover, the receiving-stolen-property conviction occurred in 1994 and Triplett's trial occurred in 2002. Rule 609(b) prohibits admission of evidence of a conviction if more than ten years have elapsed since the date of the conviction. While the receiving-stolen-property conviction was not ten years old, it was close. While evidence of this conviction is not prohibited from being admitted because of the time period, we see little probative value in the admission of an offense this old. Secondly, we find that Triplett's prior crimes of burglary and receiving stolen property are so similar to the crime for which Triplett was being tried, business burglary, that the prejudicial effect of admitting the convictions is very high. In such a situation, the jury is very likely to infer present guilt from past convictions for a similar offense. Peterson, 518 So.2d at 637. Therefore, we find that the circuit court erred in admitting these prior convictions for impeachment purposes.
¶ 16. Although we find that the circuit judge erred in admitting Triplett's past convictions for impeachment purposes, we hold that such error was harmless, as the weight of the evidence against Triplett, excluding his prior convictions, was substantial and proved beyond a reasonable doubt that Triplett committed the crime of business burglary.
¶ 17. Officers John Lilly and Fredesz Moore testified that they investigated disturbances at Vowell's Marketplace between the late hours of January 8, 2001, and the early morning hours of January 9, 2001. Both officers affirmed that Triplett was arrested after being found inside of the store. Moreover, Chief Investigator Richard Sistrunk testified that Triplett gave a confession on the day after his arrest after being read his Miranda rights. Triplett's confession stated the following:
Statement by Willie Triplett, 1-10-2001. Night before last around 11:00 p.m. I was around the trail smoking crack. I got to thinking about the County Market to be a good place to get money. I didn't think they had an alarm. I went to the back of the store. I had a pole and used it to pry open the back door. I got a pallet and put under the door and put a couple of one by fours to put on the pallet. I went into the store and went straight to the safe. When I couldn't get in the safe, I grabbed all the Newport cigarettes. I got ready to go out and seen lights shining under the door. I then went and hid. I seen the police in the store. They left. I came back out trying to figure out how to get out. I grabbed a case of beer and started drinking. I found some pliers in the meat department and took a screw out of the door. I went back to the window and seen the police and went to hide again. The police then came in about an hour later and that's when I was caught.
¶ 18. We therefore affirm Triplett's conviction and sentence.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE *308 OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., SOUTHWICK, P.J., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BRIDGES, P.J., CONCURS IN RESULT ONLY.