## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CT-01099-SCT

*WALTER WHITE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/1998 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN M. COLETTE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 03/01/2001 |
| MOTION FOR REHEARING FILED: | 3/14/2001; denied 5/24/2001 |
| MANDATE ISSUED: | 5/31/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. Walter White was convicted of three counts of selling crystal methamphetamine in the Circuit Court of Rankin County, Mississippi. White, a first-time offender, was sentenced to serve eight years on each of the three counts, Counts I and II to be served concurrently, and Count III to be served consecutively. The sentence for Count III was suspended pending the successful completion of a five-year probation. After the denial of his post-trial motions, White perfected an appeal to this Court which assigned the case to the Court of Appeals. The Court of Appeals affirmed White's convictions and sentences and denied his motion for rehearing. *White v. State,* No. 1998-KA-01099-COA (Miss. Ct. App. 2000). We granted White's petition for writ of certiorari, finding one issue that merits consideration: whether White's constitutional right to confront witnesses testifying against him was violated. Finding that a constitutional violation occurred, we reverse and remand for a new trial.

### STATEMENT OF THE CASE AND FACTS

¶2. Robert Shedd, a confidential informant for the Brandon Police Department and the Rankin County Sheriff's Department, purchased different amounts of crystal methamphe-tamine from Appellant Walter White. In three separate transactions which occurred over a period of two and one-half weeks, Shedd gave White $200, $1600 and $3000 in return for the drug at White's tractor truck repair shop. Shedd was wired

with audio recording equipment for each buy, was given a briefing prior to and debriefing after each buy, and was searched before and after each transaction. City of Brandon Narcotics Officer Bruce Kirby monitored Shedd's conversations with White and others who were present each time the purchases took place. While Kirby was not an eyewitness to the transactions, he was able to identify Shedd's voice on the audiotapes.

¶3. White filed a pre-trial motion for permission to cross-examine Shedd about a prior conviction unrelated to his activities as a CI. Shedd had been convicted in Texas of a drug violation which occurred following his purchase from White, but before White's trial. Interestingly, Shedd's felony conviction also involved crystal methamphetamine. The trial court denied the motion, ruling that such testimony was inadmissible because it did not bear on Shedd's veracity.

## ANALYSIS

### WERE WHITE'S CONSTITUTIONAL RIGHTS TO CONFRONT THE WITNESSES AGAINST HIM AND TO DUE PROCESS VIOLATED?

¶4. The trial court did not allow White to cross-examine Shedd, the State's primary witness and a non-party, about his prior felony drug conviction, ruling that the prior conviction did not relate to his veracity under M.R.E. 609(a)(1).[1] We find that White should have been afforded the opportunity to cross-examine Shedd on this subject. Under M.R.E. 609(a)(1), the crime which is the basis for impeachment does not have to involve dishonesty or a false statement. Also, White has a constitutional right to confront witnesses against him. *See Young v. State*, 731 So. 2d 1145, 1151 (Miss. 1999).

*A. M.R.E. 609(a)(1) does not require that the conviction used*

*for impeachment involve dishonesty or a false statement.*

¶5. The trial court ruled that White could not impeach Shedd because White failed to demonstrate that the prior conviction related to Shedd's veracity. The trial court reasoned that, because White failed to make this threshold finding, further analysis under *Peterson v. State*, 518 So. 2d 632, 636 (Miss. 1987),[2] was unnecessary. Relying upon a long line of cases, the Court of Appeals affirmed, holding that, before White could impeach Shedd, he must first have shown that the prior conviction related to Shedd's propensity for truthfulness. *See Tillman v. State,* 606 So. 2d 1103, 1107 (Miss. 1992); *Pugh v. State*, 584 So. 2d 781, 784 (Miss. 1991); *McGee v. State,* 569 So. 2d 1191 (Miss. 1990); *Saucier v. State*, 562 So. 2d 1238, 1245 (Miss. 1990); *McInnis v. State*, 527 So. 2d 84, 88 (Miss. 1988); *Bennett v. State*, 738 So. 2d 300 (Miss. Ct. App. 1999); *Johnson v. State*, 723 So. 2d 1205 (Miss. Ct. App. 1998).

¶6. These cases are overruled insofar as they require the use of prior convictions for impeachment purposes to relate to dishonesty or a false statement only. Under M.R.E. 609(a)(1), crimes punishable by death or imprisonment in excess of one year are allowed for impeachment, provided the court determines that the probative value of the evidence outweighs its prejudicial effect on a party. M.R.E. 609(a)(2) pertains to crimes which reflect on a witness' propensity for truthfulness -- crimes involving *either* dishonesty *or* false statements. Therefore, the plain language of M.R.E. 609(a)(1) provides that, so long as the prejudice/probative test of M.R.E. 609(a)(1) is complied with, convictions resulting in death or imprisonment in excess of one year are admissible for impeachment purposes whether or not the conviction relates to the witness' veracity.

*B. Does M.R.E. 609(a)(1) require a probative/prejudice balancing test*

*when the informant is a non-party witness for the State?*

¶7. Unlike the federal rule, M.R.E. 609(a)(1) extends the probative/prejudicial analysis to all "witnesses," including parties to both civil and criminal cases. F.R.E. 609(a)(1) shields only a criminal defendant from having his credibility attached with evidence of prior crimes. *See Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 109 S. Ct. 1981, 104 L. Ed. 2d 557 (1989) (F.R.E. 609(a)(1) was drafted and intended to authorize a judge to weigh prejudice against no one other than a criminal defendant).[(3)] The limited applicability of F.R.E. 609(a)(1) is based on the common law edict that a person convicted of a felony was not competent to testify as a witness. Gradually, this absolute bar was eroded to the point that a felon's testimony was competent, but was also subject to impeachment by evidence of his felony or crimen falsi misdemeanor conviction.

¶8. By its terms, F.R.E. 609(a)(1) requires a judge to allow the impeachment of any witness with a prior non-dishonesty felony conviction "only if" the probative value of the evidence is greater than its prejudice "to the *accused*."*Green*, 490 U.S. at 509, 109 S. Ct. at 1984 (emphasis added.) However, impeachment evidence detrimental to the prosecution in a criminal case "shall be admitted" without any such balancing. *Id.* M.R.E. 609(a)(1) extends protection from the prejudicial effect of impeachment with prior felonies to any party. However, we do not interpret the broader language of M.R.E. 609(a)(1) to extend equal protection to both sides in a criminal case, i.e., to the State and to the accused.

¶9. A criminal defendant is afforded greater protection than the prosecution via the Fifth and Sixth Amendments. The Confrontation Clause of the Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Jordan v. State,* 728 So. 2d 1088, 1097 (Miss. 1999). Article 3, Section 26 of the Mississippi Constitution contains an almost identical provision, and we have relied on the United States Supreme Court's interpretation of the confrontation clause, stating the purpose of the confrontation clause is fulfillment of the "mission . . . to advance the accuracy of the truth determining process . . . by assuring that the trier of fact has a satisfactory basis for evaluating the truth of a prior statement." *Id.*

¶10. Given the constitutional right of a criminal defendant to confront those testifying against him, we interpret M.R.E. 609(a)(1) as allowing full impeachment of prosecution witnesses without the requirement of a balancing test, except in extreme situations such as where the prosecution witness has a prior conviction that is both highly inflammatory and completely unrelated to the charges pending against the accused. Such a prior conviction should be analyzed under a M.R.E. 609 (a)(1) probative/prejudicial balancing test. However, such is not the case presently before us.

*C. Was reversible error committed in failing to follow our*

*precedent in Young v. State, 731 So. 2d 1145 (Miss. 1999)?*

¶11. In *Young*, we determined that the right of confrontation "extends to and includes the right to fully cross-examine the witness [testifying against the defendant] on every material point relating to the issue to be determined that would have a bearing on the credibility of the witness and the weight and worth of his testimony."*Id.* at 1151 (citations omitted). In *Young*, as well as in the case before us, the accused sought to impeach the State's key witness with evidence of a prior conviction under M.R.E. 609(a)(1). Although

the prior conviction in *Young*, and again in the case, met the basic requirements of M.R.E. 609(a)(1) inasmuch as the crime was punishable by death or imprisonment in excess of one year, the impeachment was not allowed. *See id.* at 1150-51.

¶12. To deny the accused the right to explore fully the credibility of a witness testifying against him, is to deny him the Constitutional right of a full confrontation. *Id.* Finding that the trial judge in *Young* abused his discretion by excluding evidence of the State's chief witness' prior conviction, we reversed and remanded for a new trial with instructions to allow evidence of the witness's prior conviction for impeachment purposes. Being unable to distinguish the facts in *Young* from the facts in the case sub judice, we reverse White's conviction and remand for a new trial so that White may introduce evidence of Shedd's prior felony drug conviction for impeachment purposes.

## CONCLUSION

¶13. Because White was not afforded the opportunity to impeach Shedd, we reverse the judgment of the Court of Appeals and White's conviction and sentence and remand this case to the Circuit Court of Rankin County for a new trial with instructions to allow White to impeach Shedd with evidence of his prior felony drug conviction.

¶14. **REVERSED AND REMANDED.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., AND MILLS, J., CONCUR. COBB, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J. SMITH AND DIAZ, JJ., NOT PARTICIPATING.**

> **COBB, JUSTICE, DISSENTING:**

¶15. I must respectfully dissent. The majority's interpretation and application of M.R.E. 609(a), ostensibly to bring it into conformity with F.R.E. 609(a), goes far beyond what is required to provide White a fair trial. And it goes beyond interpreting the rule, to trying to re-write the rule. The plain language of M.R.E. 609(a) and F.R.E. 609(a) is noticeably different. (See Appendix A). Although the trial judge gave the wrong reason (prior conviction did not relate to witness's veracity) for denying White's motion seeking to cross-examine Shedd about a prior felony drug conviction, I do not believe that it requires reversal. The majority cites *Young v. State*, 731 So.2d 1145 (Miss. 1999) as its authority for reversal, and states that it is "unable to distinguish the facts in *Young* from the facts in the case sub judice." I suggest that *Young* is distinguishable in at least two ways. In *Young*, the witness to be impeached was the only witness that linked Young directly to the crime. *Id* at 1150. In the present case there were at least two other witnesses and a tape recording which linked White directly to the crime. In *Young*, the witness's conviction occurred 3 or 4 years before Young's trial, while in the present case the violation which resulted in the conviction sought to be used to impeach Shedd occurred after Shedd made the buys from White. I believe this Court was wrong in *Young*, when it expansively interpreted M.R.E.609(a), and I believe it is wrong in the present case. The evidence is overwhelming that Walter White was a dealer in crystal meth. Reversal is not warranted, even though the trial judge erred in his ruling. I would affirm.

> **EASLEY, J., JOINS THIS OPINION.**

## APPENDIX A

## Federal Rule of Evidence 609(a)(1)

For the purpose of attacking the credibility of a witness, evidence that **the witness**, **other than an accused** has been convicted of a crime shall be admitted, **subject to FRE 403**,

if the crime was punishable by death or imprisonment in excess of one year under the law under which **the witness**

was convicted, and **evidence that an accused has been convicted of such a crime shall be admitted if**

the court determines that the probative value of admitting this evidence outweighs its prejudicial effect

## Mississippi Rule of Evidence 609(a)(1)

For the purpose of attacking the credibility of a witness, evidence that **he** has been convicted of a crime shall be admitted **if elicited from him or established by public record during cross-examination but only**

if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which **he**

was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect **on a party**. **on the accused.**

(emphasis added to show differences)

1. Mississippi Rule of Evidence 609(a)(1) states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party.

2. In *Peterson*, the Court held that before admitting evidence of a prior conviction for impeachment of a defendant, a trial judge must make an on-the-record determination that the probative value of the prior conviction outweighs its prejudicial effect. *Id.*, 518 So. 2d at 636. In the instant case, on motion for rehearing, the trial court conducted a *Peterson* on-the-record prejudice/probative analysis. This exercise did not cure the deficiency as the *Peterson* analysis is applicable to parties only.

3. *See* Appendix A for a comparison of the Mississippi rule with the federal rule.