726 So.2d 217 (1998)
Cleverland S. McGOWAN a/k/a Cleverland Sheffield McGowan, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00964 COA.
Court of Appeals of Mississippi.
December 18, 1998.
*218 Tom Sumrall, Crestview, Attorney for Appellant.
Office of the Attorney General by Jolene M. Lowry, Attorneys for Appellee.
BEFORE BRIDGES, C.J., HINKEBEIN AND KING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Cleverland S. McGowan was convicted in the Circuit Court of Harrison County on April 4,1997, of two counts of armed robbery and was sentenced to a term of forty years on each count running concurrent in the custody of the Mississippi Department of Corrections. Aggrieved, McGowan appeals raising the following issues: 1) that the court committed error in denying the appellant's motion in limine which allowed the State to use two prior convictions for purposes of impeachment; 2) that the court erred in sustaining the State's motion in limine which prevented the use of any evidence relating to the victim having been involved in prior illegal drug activities; 3) that the court erred in denying the appellant's motion for new trial on the basis of newly discovered evidence; and 4) that the appellant was denied his right to a fair trial due to cumulative errors. Finding no error, we affirm.

FACTS
¶ 2. Cleverland Sheffield McGowan and William Christopher Smith were indicted and charged with two counts of armed robbery of Lillie Horne and Roger Craft on August 23, 1996. According to testimony, McGowan and Smith went to Craft's music store and robbed Craft and Horne of money and jewelry. McGowan was armed with a gun, and Smith was armed with a knife. McGowan argued that the incident was not a robbery, but an attempt to collect money from drug dealings. Since Smith pled guilty, McGowan received a separate jury trial on April 9-10, 1997. Smith testified on behalf of the State, and McGowan was ultimately convicted of two counts of armed robbery. Since the jury was unable to agree on the sentence, the judge sentenced McGowan to serve forty years on both counts to run concurrently.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION IN LIMINE AND ADMITTING *219 THE USE OF TWO PRIOR CONVICTIONS INTO EVIDENCE FOR IMPEACHMENT PURPOSES.
¶ 3. McGowan argues on appeal that the court erred in denying his motion in limine since the court failed to properly weigh the five factors outlined in Peterson v. State, 518 So.2d 632, 636 (Miss.1987), before it allowed a 1990 armed robbery conviction and a 1990 purse snatching conviction into evidence. McGowan contends that even though the trial judge did state on the record that he believed the probative value of the evidence outweighed the prejudicial effect, he failed to additionally state on the record his analysis in weighing the five factors.
¶ 4. "When a criminal defendant elects to take the witness stand in his own defense he is subject to being impeached under Rule 609, M.R.E., with evidence of prior convictions." Bogard v. State, 624 So.2d 1313, 1316 (Miss.1993) (quoting Hawkins v. State, 538 So.2d 1204, 1206 (Miss.1989)). Impeachment by evidence of conviction of a crime is governed by Mississippi Rule of Evidence 609(a) which reads as follows:
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
The Mississippi Supreme Court has mandated that Rule 609(a) requires the trial court to make an on-the-record determination that the probative value of the prior conviction outweighs its prejudicial effect before admitting this type of evidence. Peterson, 518 So.2d at 636. In making this determination, the Peterson court identified the following factors as essential to the determination: (1) the impeachment value of the crime, (2) the time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the [witness'] testimony, and (5) the centrality of the credibility issue. Id.
¶ 5. After careful review of the record, this Court finds that the prosecution made a prima facie showing that the conduct giving rise to the prior convictions was such that it reasonably bore upon McGowan's propensity for truthfulness. Bogard, 624 So.2d at 1316. The trial judge then satisfied the requirements under M.R.E. 609(a)(1) and made the appropriate on-the-record findings, including recognition and consideration of the Peterson factors:
[T]he Court finds that the evidence in question is substantiallysubstantially outweighs any prejudicial effect and will not cause any undue delay, waste of time or needless presentation of cumulative evidence.
The trial judge reiterated his ruling when McGowan asked him to reconsider by stating, "I went through the Peterson analysis and touched upon the five different factors as set forth in Jordan v. State and in the Peterson case, and I'm going to stick by the decision the Court made yesterday." Additionally, a limiting instruction was given to the jury advising them that the prior convictions were only to be used for impeachment purposes. Therefore, it is this Court's opinion that the trial court did not abuse its discretion in allowing the State to bring out McGowan's prior convictions for the purpose of impeaching his credibility as a witness in his own behalf. This issue is without merit.

II. WHETHER THE COURT ERRED IN GRANTING THE STATE'S MOTION IN LIMINE WHICH PREVENTED THE APPELLANT FROM USING ANY EVIDENCE RELATING TO THE VICTIM'S INVOLVEMENT IN PRIOR ILLEGAL DRUG ACTIVITIES
¶ 6. McGowan argues on appeal that the court erred in preventing him from questioning Craft about his past history of drug violations. Specifically, McGowan contends that when Craft denied that the incident in the case at bar was a drug deal, he should have been allowed to go one step further and question him about an indictment in Texas to *220 show bias and that Craft had a motive to lie. The State argued that this evidence was irrelevant under M.R.E. 401 and 402, and additionally, since the alleged indictment was not a conviction, it was inadmissible. The State contends that whether Craft was under an indictment in Texas that was in no way connected to the case at bar does not reflect on his veracity and ability to be a truthful witness in the case at bar. The State argues that McGowan was allowed to question Craft as to whether he had ever had any drug dealings with him or ever sold drugs for him, and Craft denied it. Moreover, the State argues that McGowan even admitted in his own testimony that he was armed and that he took property from Horne and Craft by force. Thus, the State contends that even if the incident initially was a drug deal, McGowan still committed armed robbery when he pulled the gun and took the victims's money and jewelry. We agree with the State and with the trial judge that the evidence was properly excluded.
¶ 7. Furthermore, this Court agrees with the State that although specific instances of conduct are allowed to show bias, McGowan was attempting to introduce this evidence for purposes strictly prohibited by M.R.E. 608(b).[1] This Court agrees with the State that "[d]rug use is not probative of a person's truthfulness." Johnston v. State, 618 So.2d 90 (Miss.1993). The trial judge was correct in finding that this evidence was irrelevant, and thus, inadmissible. In addition, McGowan's reliance on United States v. Abel, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) is misplaced as the facts in that case are distinguishable from the case at bar. Therefore, this issue is without merit.

III. WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JNOV/NEW TRIAL ON THE BASIS OF NEWLY DISCOVERED EVIDENCE.
¶ 8. McGowan argues on appeal that his two prior issues asserted above constitute adequate and sufficient grounds for a new trial. In addition, McGowan contends that since Smith "recanted his trial testimony and acknowledged that it was a drug deal gone bad and not a robbery," his testimony would corroborate McGowan's version; thus, if believed by the jury, it would produce a different result in a new trial. We disagree.
¶ 9. To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted, that it has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative or impeaching. Williams v. State, 669 So.2d 44, 55 (Miss.1996). Granting or denying a new trial based on newly discovered evidence is within the properly exercised discretion of the trial court. Id. For review of the findings of the trial judge sitting without a jury, this Court will reverse "only where the findings of the trial judge are manifestly erroneous or clearly wrong." Amerson v. State, 648 So.2d 58, 60 (Miss.1994) (quoting Barnes v. Confidential Party, 628 So.2d 283, 290 (Miss.1993)).
¶ 10. In light of these requirements, this Court cannot say that the trial court abused its discretion or was manifestly wrong in overruling the motion for new trial on the ground of newly discovered evidence. In fact it was amply supported by the facts and the law. As this Court stated above, the trial court was not in error in allowing McGowan's prior convictions to come in for impeachment purposes nor was the trial court in error for excluding the introduction that Craft was under indictment for a past drug deal. The trial judge correctly concluded that any alleged seizure and forfeiture in Texas was irrelevant to this particular proceeding. *221 Furthermore, McGowan presented no evidence that Smith ever recanted his testimony. McGowan alleges that Smith signed an affidavit; however, no such document was ever presented to the trial court nor this Court.
¶ 11. Besides McGowan's and Smith's testimony, there were numerous other witnesses, including the testimony of Craft and Horne. The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). In Williams v. State, 427 So.2d 100, 104 (Miss.1983), our supreme court held that jurors may accept or refuse testimony of witnesses stating, "It is not for this Court to pass upon credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief." Further, in Doby v. State, 532 So.2d 584, 590 (Miss.1988), the supreme court held that the testimony of a single witness is sufficient to support a conviction. Here, the jury weighed the evidence, believed the State's witnesses, and convicted McGowan. This issue is without merit.

IV. WHETHER THE ALLEGED CUMULATIVE ERRORS AT TRIAL CONSTITUTED A VIOLATION OF THE APPELLANT'S RIGHT TO A FAIR TRIAL.
¶ 12. McGowan argues on appeal that the cumulative effect of errors operated to deprive him of a fundamentally fair trial. McGowan argues that he was denied due process of law and his constitutional right to confront his accuser. In addition, McGowan argues that the court's failure to weigh the factors with reference to his prior convictions constituted a denial of equal protection.
¶ 13. While individual errors, not reversible in themselves, may combine to constitute cumulative error, the supreme court has held that "where there was no reversible error in an part, so there is no reversible error to the whole." Coleman v. State, 697 So.2d 777, 787 (Miss.1997). McGowan fails to raise any issues which contain actual error on the part of the trial court; therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF ARMED ROBBERY AND SENTENCE OF FORTY YEARS ON EACH COUNT TO RUN CONCURRENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] M.R.E. 608 (b) states:

Specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or 2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified....