761 So.2d 894 (2000)
Maurice BISHOP, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KM-00343-COA.
Court of Appeals of Mississippi.
March 7, 2000.
*896 R.L. Wong, Cleveland, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. On November 13, 1997, Maurice Bishop was convicted in the Bolivar County Circuit Court, Second Judicial District, on three counts of false pretenses. Bishop was sentenced for the three counts pursuant to Miss Code Ann. § 97-17-43[1] (Rev. 1994) and ordered to pay $500 for each of the three counts as well as to serve three six-month terms of imprisonment with the Mississippi Department of Corrections, said sentences to run consecutively. Feeling aggrieved, Bishop now appeals to this Court.

FACTS
¶ 2. Maurice Bishop and A.W. Rodgers were neighbors and friends for approximately three years. Bishop was indicted for three separate occasions of false pretenses that occurred between November 1996 and January 1997. Specifically, Bishop was indicted for charging gasoline and other merchandise to Rodgers's account at the Gaines Citgo station in Cleveland, Mississippi. Bishop signed Rodgers's name on tickets to Rodgers's account on three separate occasions: December 9, 1996 for $19.78; December 30, 1996 for $32.56; and January 3, 1997 for $26.01.[2]
*897 ¶ 3. The question arose in this case whether Bishop had permission to sign Rodgers's name to purchases on Rodgers's account. Larissa Brewer, a cashier at the station, testified Bishop held himself out to be Rodgers in signing his name, though Bishop says this is not true. In total, Bishop signed twenty-two tickets to Rodgers's account. Bishop's justification for doing so was that he helped Rodgers do some mechanic work and in exchange Rodgers agreed to allow Bishop to charge to his account at the gas station until the debt was paid.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 4. In this petition, Bishop first argues the trial court erred in failing to give a limiting instruction. "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Turner v. State, 721 So.2d 642 (¶ 21) (Miss.1998) (citations omitted).
¶ 5. With his second issue, Bishop lists three errors the trial court committed: that the court denied his motion for directed verdict, that the verdict was against the overwhelming weight of the evidence, and that the judgment was the result of bias and prejudice. With this last issue, however, his brief contains no argument as to bias and cites no authority in support of such argument; therefore, we are not required to address it. See Holland v. State, 705 So.2d 307 (Miss.1997).
¶ 6. Denial of motion for directed verdict or JNOV goes to the sufficiency of the evidence; motion for new trial goes to the weight of the evidence. With this appeal, Bishop confuses these two points of law. Thus, we take this opportunity to distinguish between the two concepts.
¶ 7. In determining whether the trial court erred in failing to grant a directed verdict or JNOV, all credible evidence consistent with Bishop's guilt must be accepted as true, and the State must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). "We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id.
¶ 8. An argument that the verdict was against the overwhelming weight of the evidence is challenged in a motion for new trial. The trial court has sound discretion to decide whether or not to grant a new trial motion. Id. at 781. We must accept as true all evidence favorable to the State, and will grant a motion for new trial only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Id. In reviewing the trial court's denial of a new trial motion, we may not reverse absent an abuse of discretion. Id.
¶ 9. With this appeal, we find reasonable and fair-minded jurors could have reached the same conclusion and find that no abuse of discretion is present nor unconscionable injustice has resulted. We affirm the trial court on both issues.

ANALYSIS OF THE ISSUES PRESENTED

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GIVE A LIMITING INSTRUCTION WHEN IT ALLOWED MISSISSIPPI RULE OF EVIDENCE 404(B) TO BE HEARD BY THE JURY.
¶ 10. With this first issue, Bishop contends the trial judge erred in failing to give a limiting instruction regarding *898 the State's mention of nineteen tickets, which tickets were in addition to the three for which Bishop was indicted. The defense objected and moved for a mistrial accusing the State of trying to show Bishop acted in conformity with the other acts of false pretenses. The trial court overruled the motion saying the evidence was more probative than prejudicial and was allowable.
Generally, evidence of a crime other than the one for which the accused is being tried is not admissible. Prior convictions or wrongful acts may not imply that the defendant is the type of person likely to commit the crime charged. However, such evidence may be admitted for other evidentiary purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident pursuant to M.R.E. 404(b).
Burrell v. State, 727 So.2d 761 (¶ 14) (Miss. Ct.App.1998) (citations omitted).
¶ 11. Bishop voiced a continuing objection on the mention of the non-indicted tickets, claiming the State's mention of the nineteen other tickets was more prejudicial than probative. Bishop argued, at the least, a limiting instruction need be given by the trial court admonishing the jury they could not take into consideration these other tickets upon which Bishop had not been indicted. In reviewing this evidence, we find the State's mentioning these tickets, though arguably in error, is not more or less likely to influence the jury as the overwhelming weight of evidence in this case pointed to the verdict at which the jury arrived. This mention of these additional nineteen tickets was harmless.
[W]herever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.
Robinson v. State, 735 So.2d 208 (¶ 4) (Miss.1999) (citing Smith v. State, 656 So.2d 95 (Miss.1995)).
¶ 12. In the present case, the defense's objection was overruled and the trial court conducted a MRE 403 analysis finding the evidence to be more probative than prejudicial. Regarding whether a limiting instruction should be given, the courts have said it is reversible error only in a case where the defendant could possibly not have been convicted. "An error is harmless only when it is apparent on the face of the record that a fair minded jury could have arrived at no verdict other than that of guilty." Givens v. State, 730 So.2d 81 (¶ 33) (Miss.Ct.App.1998) (citing Forrest v. State, 335 So.2d 900 (Miss.1976)).
¶ 13. Bishop admitted to signing the receipts; the cashier testified Bishop held himself out to be Rodgers, and Rodgers testified he did not give Bishop permission to charge to his account. Taking these facts together, we find it was harmless error for the limiting instruction not to have been given as such substantial evidence existed that a conviction would be forthcoming. This issue is without merit.

II. THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST THE APPELLANT, AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVIDENCES BIAS AND PREJUDICE AGAINST THE APPELLANT AND WAS BASED SOLELY UPON SUSPICION AND SPECULATION.
¶ 14. In support of his claim he was entitled to a JNOV, Bishop alleges the State failed to prove one of the three necessary elements of the crime with *899 which he was charged, namely that he did not sign the receipts under false pretenses.
¶ 15. Mississippi Code Annotated § 97-19-39 defines false pretenses:
Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding three times the value of the money, property, or thing obtained.
Miss.Code Ann. § 97-19-39 (Supp.1999).
¶ 16. The elements involved in a case of false pretense were described in Allred v. State:
In a false pretenses case, the burden of proof is on the State to show beyond a reasonable doubt that a false representation was made with regard to an existing fact. Accordingly, the State must prove that "the pretenses were false, that the appellant knew them to be false and that the pretenses were the moving cause by which the money was obtained."
Allred v. State, 605 So.2d 758, 761 (Miss. 1992) (citations omitted).
¶ 17. Bishop alleges the State failed to prove Bishop knew the pretense to be false. However, in regard to sufficiency, the jury is entitled to draw inferences reasonably arising from the testimony given at trial. Jackson v. State, 580 So.2d 1217, 1219 (Miss.1991).
¶ 18. Regarding weight of evidence, we accept as true all evidence favorable to the State and, giving the State favorable inferences from the evidence, we cannot find an abuse of discretion or that an unconscionable injustice arises from this verdict. "The jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." McGowan v. State, 726 So.2d 217 (¶ 11) (Miss.Ct.App. 1998) (citing McClain v. State, 625 So.2d 774 (Miss.1993)).
¶ 19. Bishop argues the jury incorrectly interpreted the facts presented them, namely that they misinterpreted Bishop's own testimony wherein he stated he thought he had authority to sign purchases to Rodgers's account. Nonetheless, as stated before, this question requires the jury to evaluate the credibility of each witness's testimony; this is not for an appellate court to weigh and we decline to do so. The weight of the evidence supported the verdict and we will not reverse.

CONCLUSION
¶ 20. For the foregoing reasons, we affirm the judgment of the trial court on both issues.
¶ 21. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I, II, AND III OF FALSE PRETENSES AND SENTENCES OF SIX MONTHS IN EACH COUNT TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE IN EACH COUNT OF $500 AND RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The sentence order errantly states Bishop was sentenced pursuant to Miss.Code Ann. § 99-19-43 which describes "Determination of prisoners' dangerousness." The actual statute under which Bishop was sentenced is Miss.Code Ann. § 97-17-43 which describes petit larceny and sets the maximum sentence at six months imprisonment and maximum fine at $1,000, or both.
[2] Though twenty-two tickets existed showing that Bishop had charged to Rodgers's account, Bishop was indicted on only three of these tickets.