PROCEDURAL HISTORY
¶ 1. This is an appeal from the Circuit Court of Monroe County where Dameon Hampton was found guilty of possession of cocaine and of having a firearm in his possession at the time of the commission of the offense or at the time of the arrest. Hampton was sentenced under an enhanced statute to serve a term of six years with the Mississippi Department of Corrections and was fined five-thousand dollars plus court costs and a bond fee. The trial court overruled Hampton's motion for a new trial, or in the alternative a JNOV. From such denial of his motion, Hampton now appeals to this Court requesting a reversal and remand for new trial.
 FACTS
¶ 2. On New Year's Eve 1997, Officer Clyde Whitfield of the Amory Police Department saw Dameon Hampton, a passenger in a car being driven by George Thompson, leave his car, fire a gun, then get back into his car. After Hampton and Thompson drove away, Officer Whitfield pursued and stopped the car. Upon the stopping, Thompson quickly got out of the car to talk with the officer; however, Officer Whitfield saw a gun on the passenger's side of the car and ordered Hampton out of the car, too. The officer searched Hampton and found a container with forty rocks of cocaine in Hampton's front pants pocket. Hampton admitted the cocaine was found on his person, but he claims it was found not in his pants, but in the jacket he was wearing, which belonged to Thompson, not Hampton. Also, as Hampton *Page 806 
raised his arms to place them on the car, a gun from under his arm fell to the ground.
 ARGUMENT AND DISCUSSION OF THE LAW STANDARD OF REVIEW
¶ 3. Hampton raises three issues with this appeal. The first issue regards whether the trial court erred in overruling the defendant's motion for a new trial, or in the alternative a JNOV.[1]
A motion for new trial deals with the weight of the evidence; our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774 (Miss. 1993):
 Matters regarding the weight and credibility of the evidence are to be resolved by the jury. . . .
 Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion. . . .
McClain, 625 So.2d at 778-81 (citations omitted).
¶ 4. A motion for JNOV deals with sufficiency of the evidence; our standard of review concerning the trial court's denial of JNOV is also described in McClain:
 In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with McClain's guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. . . . We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citations omitted).
¶ 5. Hampton's second issue regards whether the trial court erred in admitting into evidence Investigator Brien Chamblee's testimony concerning incriminating statements Hampton allegedly made to Chamblee. Hampton argues admission of this evidence violated his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Our standard for reviewing an evidentiary question related to Miranda
rights is stated in Hunt v. State, 687 So.2d 1154 (Miss. 1996):
 The standard of reviewing the admission of a confession is well-settled. "Determining whether a confession is admissible is a finding of fact which is not disturbed unless the trial judge applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence."
Hunt, 687 So.2d at 1159 (citations omitted).
¶ 6. Hampton's third issue regards whether the trial court erred in enhancing his sentence pursuant to Section 41-29-152 of the Mississippi Code. "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits *Page 807 
prescribed by statute." Reynolds v. State, 585 So.2d 753, 756 (Miss. 1991) (citations omitted).
¶ 7. Applying the aforementioned standards of review to Hampton's case, we affirm Hampton's conviction but reverse and remand for re-sentencing.
 ANALYSIS OF THE ISSUES PRESENTED I. WHETHER THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, A DIRECTED VERDICT.[2]
¶ 8. Hampton argues the trial court incorrectly denied his motion for a new trial or a JNOV, though he states this issue incorrectly as described in footnote one. With the JNOV, we look to the sufficiency of the evidence to determine whether a reasonable, fair-minded juror could have arrived at the same verdict. Nonetheless, as Hampton failed to address the issue of sufficiency of evidence in his brief, we decline to examine this issue concerning JNOV.
¶ 9. Hampton argues he was improperly denied a new trial as the verdict was against the overwhelming weight of the evidence. As stated above in the standard of review, we examine the weight of the evidence in evaluating the trial judge's overruling of the motion for a new trial and accept as true all the evidence favorable to the State. McClain, 625 So.2d at 781.
¶ 10. Officer Clyde Whitfield testified he saw Hampton get out of the car and shoot the gun in the air, then get back in the car on the front passenger side. After Officer Whitfield pursued the car and pulled it over, he instructed Hampton to exit the vehicle and place his hands on the car. At Hampton's raising his arms, a forty-five caliber gun fell out from under Hampton's arm. Upon searching Hampton's person further, Whitfield discovered a pill bottle full of crack cocaine in Hampton's front pants pocket, though Hampton disputes and says the bottle was found in the coat he was wearing, a coat he had borrowed from the driver of the car, George Thompson. We review this evidence in the light favorable to the State and, we find sufficient evidence that Hampton did indeed have the drugs in his pants pocket and did indeed have the gun under his arm. As described in Hampton's second issue, we also find Hampton's confession to an officer at the sheriff's office to support the verdict.
¶ 11. Reviewing the evidence against Hampton, were we to allow the verdict finding Hampton guilty to stand, no unconscionable injustice would occur. The weight of the evidence, as described above, overwhelmingly supports the verdict, and taking the evidence in the light most favorable to the State, we must find the weight of this eyewitness evidence, as well as other evidence described below, was ample to support the verdict of guilty. There is no error with this issue, and the motion for new trial/JNOV was properly denied.
 II. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF INVESTIGATOR BRIEN CHAMBLEE IN THAT THE STATEMENTS ALLEGEDLY MADE BY THE APPELLANT TO INVESTIGATOR CHAMBLEE WERE IN VIOLATION OF HIS RIGHTS PURSUANT TO MIRANDA V. ARIZONA .
¶ 12. Brien Chamblee is an investigator for the Monroe County District Attorney's Office. On September 29, 1998, Chamblee was at the Monroe County Sheriff's Office where Hampton was being held in a witness detention room. Hampton motioned for Chamblee to come over to the window in his room. Hampton then held up a copy of his indictment and said he had questions about the paperwork in *Page 808 
his case and asked whether Chamblee was the district attorney. Chamblee explained he was an investigator for the district attorney and told Hampton to call his own attorney if he had questions about his indictment. At that point Hampton volunteered that he was the person named in the indictment and that the dope belonged to him.
¶ 13. With this second allegation of error, Hampton claims Chamblee had a duty to stop Hampton from making statements without Hampton's attorney being present. Hampton also claims Chamblee elicited the statements from Hampton in that Chamblee responded to Hampton's gestures and opened the door to the room in which Hampton was being detained. Chamblee testified to the contrary stating witnesses often had to make such gestures or motions to be let out to use the restroom or to request conferences with their attorneys or for various other reasons.
¶ 14. Chamblee claims he told Hampton to talk with his attorney, but Hampton claims he was not told this. When faced with conflicting evidence, we let the jury decide who to believe.
 The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. In Williams v. State, 427 So.2d 100, 104 (Miss. 1983), our supreme court held that jurors may accept or refuse testimony of witnesses stating, "It is not for this Court to pass upon credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief."
McGowan v. State, 726 So.2d 217 (¶ 11) (Miss. Ct. App. 1998). We presume the jury weighed the conflicting testimonies of Hampton and Officer Chamblee; thus, we will not disturb the jury's finding on this matter.
¶ 15. Hampton also argues he was in custody at the time of this incident and that he was entitled to be informed that any statements could be used against him and that he should be allowed to consult his attorney. However, this Court has found such incidents do not require being read Miranda rights again.
 Prosecutors may not use statements obtained during custodial interrogations unless procedural safeguards are maintained to "secure the privilege against self-incrimination." Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." The initiation of questioning of the suspect who is in custody by law enforcement officers triggers the need for Miranda; therefore, if a suspect in custody initiates the conversation, that statement may be admissible as freely and voluntarily given even without prior Miranda warnings.
Alexander v. State, 736 So.2d 1058, 1062-63 (Miss. Ct. App. 1999).
¶ 16. In the present case, Hampton initiated the conversation after he motioned to Chamblee to come over to his room. According toAlexander, there was no need to re-Mirandize Hampton. Hampton's statement was freely and voluntarily given as Chamblee did not initiate the conversation. We find no error in the trial court's admitting Hampton's statement that the "dope was his."
 III. WHETHER THE TRIAL COURT ERRED IN ENHANCING THE SENTENCE OF THE APPELLANT PURSUANT TO SECTION 41-29-152 OF THE MISSISSIPPI CODE.
¶ 17. Hampton was sentenced pursuant to Mississippi Code Annotated § 41-29-152 which states:
 (1) Any person who violates Section 41-29-139 with reference to a controlled substance listed in Schedules I, II, III, IV or V as set out in Sections 41-29-113 to 41-29-121, Mississippi Code of 1972, inclusive, and has in his possession any *Page 809 
firearm, either at the time of the commission of the offense or at the time any arrest is made, may be punished by a fine up to twice that authorized by Section 41-29-139, or by a term of imprisonment or confinement up to twice that authorized by Section 41-29-139, or both.
Miss. Code Ann. § 41-29-152 (Supp. 1999).
¶ 18. Hampton was convicted for possessing a controlled substance and received an enhanced sentence of six years imprisonment and ordered to pay a five thousand dollar fine. Hampton contests the jury was not properly instructed as to the nature and elements of the offense with which he was charged, specifically, that he was in possession of a firearm at the time of his arrest.
¶ 19. Hampton here raises an interesting question. Since 1994, the date of its enactment, § 41-29-152 of the Mississippi Code has been cited only once, but enhanced sentencing was not discussed because the conviction was reversed and rendered for lack of proof of constructive possession of the drugs involved. Naylor v. State,730 So.2d 561 (Miss. 1999). The real issue in the case sub judice
is who makes the finding of the presence of the weapon, the judge or the jury? If the judge is the trier of the fact necessary for enhancement, then this enhanced sentence will stand. Such is the case in regard to an enhanced sentence based on the habitual offender statute, Miss. Code Ann. § 99-18-81 (Rev. 1994), in which case the facts have already been determined and proof of them is the presentation of official records of such convictions. In felony DUI cases under Miss. Code Ann. § 63-11-39 (5) (Supp. 1999) although proof of prior convictions is an element of the crime and must be proven to the jury, record proof of the conviction is sufficient. Webster v State, 713 So.2d 860, 865 (Miss. 1997).
¶ 20. Enhanced sentencing is authorized where one is convicted of selling drugs within a certain proximity to a church, school, etc. in Miss. Code Ann. § 41-29-142 (Rev. 1993)[3]. Under this code section, proof of the distance is an element of the crime to be considered by the jury. However, in White v. State,742 So.2d 1126, 1134 (¶ 22), the appellant had "waived a trial by jury on the enhancement provision" and the judge found from the evidence that the sale was within 1500 feet of a church. Therefore,White, offers no assistance to the state in the case before us, where there was no waiver nor instruction to the jury on this issue.
¶ 21. In short, the indictment in the case sub judice included the charge that Hampton possessed a firearm and the arresting officer's testimony was uncontradicted of the possession of the firearm as required under Miss. Code Ann. § 41-29-152 (Rev. 1998). But, the jury was neither instructed nor did they find that the appellant was in possession of a firearm.
¶ 22. Hampton's argument has merit, as the necessary instruction was not given to trigger the enhanced sentence. Therefore, as to the sentence only, we reverse and remand this case to the trial court for re-sentencing on the offense of possession of a controlled substance only under Miss. Code Ann. § 41-19-139 (Rev. 1993), without the enhancement under Miss. Code Ann. § 41-29-152
(Rev. 1993).
 CONCLUSION
¶ 23. Finding the weight of the evidence supports the verdict and finding Hampton's Miranda rights not to have been violated, we affirm the trial court on Issues I and II. We reverse Hampton's enhanced sentence because of the failure to require the jury to find the presence of a firearm and remand for re-sentencing under § 41-29-139 alone. *Page 810 
¶ 24. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTIONOF POSSESSION OF COCAINE IS AFFIRMED. THE ENHANCED SENTENCE OF SIXYEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONSAND FINE OF $5,000 IS REVERSED, AND THIS CAUSE REMANDED FOR THELIMITED PURPOSE OF RE-SENTENCING. ALL COSTS OF THIS APPEAL AREASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE,MOORE, AND THOMAS, JJ., CONCUR.
[1] In his brief, Hampton's statement of his first issue argues the trial court erred in its denial of his "motion for a new trial, or in the alternative, a directed verdict." We note that in his brief, his argument does not address this motion, but addresses his post-trial "motion for a new trial, or in the alternative a JNOV." We note this inadvertent error on Hampton's part and proceed as the latter description refers to the actual motion in question with this first issue.
[2] This issue is stated verbatim from appellant's brief; the issue should actually read "judgment notwithstanding the verdict" in place of "directed verdict." See footnote 1.
[3] For a good discussion of enhanced sentencing see the recent Mississippi Supreme Court case of White v. State,742 So.2d 1126 (Miss. 1999) even though § 41-29-152, Miss. Code Ann. is conspicuous by its absence.