766 So.2d 827 (2000)
Vernon Christopher FORTUNE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00475-COA.
Court of Appeals of Mississippi.
September 12, 2000.
J. Keith Treadway, Olive Branch, Attorney for Appellant.
*828 Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. Vernon Christopher Fortune was indicted by a DeSoto County grand jury for conspiracy and sale of a controlled substance, to-wit, less than an ounce of marijuana. Following a jury trial, Fortune was found guilty of both crimes charged. The circuit court sentenced Fortune to five years suspended pending future good behavior for conspiracy, and three years with the last six months suspended pending future good behavior for sale of a controlled substance in the custody of the Mississippi Department of Corrections, with the sentences to run consecutively. Fortune was also sentenced to pay a fine in the amount of $1,000, and a lab fee in the amount of $125. On appeal, Fortune raises the following issue for our review

I. WHETHER THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY THAT THE DEFENDANT WAS ON PROBATION FOR ANOTHER UNRELATED CRIME.
Finding this assignment of error to be without merit, this Court affirms.

STATEMENT OF THE FACTS
¶ 2. The facts of this case involve a controlled drug buy between Agent Mike Reed of the DeSoto County Metro Narcotics Unit and Fortune on December 10, 1997. Agent Reed, acting undercover, went to a Texaco station located in Olive Branch, Mississippi to purchase a quantity of marijuana from one Sharon Bostick. Upon Agent Reed's arrival, Bostick was unable to provide the contraband. During their conversation, Fortune interjected that he could find the marijuana by making a few phone calls. Bostick then offered that she could do the same, and Agent Reed left the store, telling Bostick for her to page him when she obtained the drugs. Bostick later paged Agent Reed, but upon his return to the store, Fortune and not Bostick was present. Fortune introduced himself to Agent Reed and informed Agent Reed of who some of his relatives were. Fortune told Agent Reed that he could procure the contraband for him, and that he could get more than the $120 worth of marijuana that Agent Reed requested. The transaction and exchange took place, and Agent Reed left the property with $120 worth of marijuana in a brown paper bag. The entire procedure was legally video and audio taped.

LAW AND ANALYSIS

I. DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE TESTIMONY THAT THE DEFENDANT WAS ON PROBATION FOR ANOTHER UNRELATED CRIME?
¶ 3. During Agent Reed's testimony, as he was recounting the conversation between Fortune and himself on the day in question, he testified that Fortune had told him that he was on probation through the justice court. At that time, Fortune's attorney objected as to relevancy. Although the objection was initially sustained, after a bench conference, the trial judge allowed the testimony into evidence under Mississippi Rules of Evidence 404(b), stating that the statement was admissible for identification purposes. In addition, the trial judge gave a limiting instruction to the jury. The judge, after stating the grounds for admissibility, admonished the jury that they could not assume anything from the reference that Fortune was on probation for another crime, and that it had nothing to do with the case at present. Fortune argues that the admission of this statement was reversible error, and that the evidence was never used by the State for such purposes. In agreeing with the State's argument that if error was committed by the trial court, it was harmless *829 error, we affirm, finding there to be no basis for reversal.
¶ 4. As clearly stated by M.R.E. 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. As stated above, the trial judge allowed the statement in question into evidence for identification purposes. Fortune argues however that this evidence was not used at all by the State for this purpose during the proceedings. Therefore he asserts that the admission of such only constitutes reversible error.
¶ 5. Unfortunately, the bench conference between the attorneys and the trial judge concerning the reasoning behind allowing the statement into evidence under M.R.E. 404(b) was not on record. Fortune complains that the State never used such evidence during the trial. We cannot know as to what reasoning the State gave the trial judge for why this statement should be allowed to prove identity. As the State argues, it may have been the fact that the need for such evidence never arose, as the attorney thought it would, or that it was a tactical decision.
¶ 6. On appeal, this Court's standard of review for whether or not the trial court committed error in the admission of particular evidence is set. It is within the discretion of the trial judge whether evidence is admissible. Johnston v. State, 567 So.2d 237, 238 (Miss.1990); Davis v. State, 684 So.2d 643, 661 (Miss.1996). The Court will not reverse the trial court's decision merely because of an erroneous evidentiary ruling. Newsom v. State, 629 So.2d 611, 614 (Miss.1993). The appellant must show that he was effectively denied a substantial right by the ruling before a reversal can be possible. Id. Therefore, it is not enough for Fortune to argue that because the State never used such evidence for identification purposes during the trial, the statement was erroneously allowed. There must be a showing that the trial judge abused his discretion and that "the admission or exclusion of evidence... results in prejudice and harm or adversely affects a substantial right of a party." K-Mart Corp. v. Hardy, 735 So.2d 975 (¶ 21) (Miss.1999) (citing Hansen v. State, 592 So.2d 114, 132 (Miss.1991)). Although Fortune argues that the admission of the statement was prejudicial to his case, he provides no support for this contention. "[Defendant's] bald assertion that the probative value of the evidence was outweighed by its prejudicial effect does not show an abuse of discretion on the part of the trial court." U.S. v. Parziale, 947 F.2d 123, 129 (5th Cir.1991). Even if we were to conclude that the admission of this statement was an error committed by the trial court, we would have to find the error to be harmless. "An error is harmless only when it is apparent on the face of the record that a fair minded jury could have arrived at no verdict other than that of guilty." Bishop v. State, 761 So.2d 894 (¶ 12) (Miss.Ct.App.2000). It is apparent from all of the testimony, video and audio evidence, as well as the fact that Fortune does not contest the facts of the incident, that a fair minded jury could have arrived at no verdict other than that of guilty. Lastly, the trial judge gave a limiting instruction as to the testimony. This instruction cured any possible prejudice that could have occurred. See Day v. State, 589 So.2d 637, 644 (Miss.1991).
¶ 7. After review of this assignment of error, this Court concludes the argument to be without merit. Therefore, we affirm the circuit court's ruling.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I CONSPIRACY AND SENTENCE OF FIVE YEARS SUSPENDED PENDING FUTURE GOOD BEHAVIOR TO RUN CONSECUTIVELY TO SENTENCE IN COUNT II; COUNT II SALE OF A *830 CONTROLLED SUBSTANCE, TO-WIT, LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS WITH THE LAST SIX MONTHS SUSPENDED PENDING FUTURE GOOD BEHAVIOR, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.