KING, P.J.,
dissenting:
¶ 16. With appropriate respect for the majority opinion, I dissent.
¶ 17. The majority opinion believes the hearsay violation to be harmless. In my opinion, this proposition is invalid.
¶ 18. The majority holds the admission of this hearsay to be harmless error “because there was other evidence sufficient for the jury to find that the prescription was a forgery”. This other evidence, as relied upon by the majority, consisted of “testimony that Clay had in his possession a blank prescription pad from a hospital some, distance from Little Rock[1],” and “Detective Malone’s testimony that Clay confessed that the prescriptions were forgeries.”
¶ 19. “A blank prescription pad from a hospital some distance from Little Rock” is not evidence that Clay forged a prescription. This is especially true when the prescription alleged to have been forged was written on a prescription pad from the University of Arkansas Medical Center at Little Rock. The other evidence upon which the majority relies, is the testimony of Mike Malone.
¶ 20. The relevant portion of that testimony is as follows:
Q. Now, once you got him to the police department, was he advised of his rights?
A. Yes, sir. He was.
Q. And did you have occasion to talk to him there at the police station?
A. Yes, sir.
Q. And what did he tell you there at the police station?
A. Basically, he said that he had been doing this all his life, he was a junky, he wasn’t going to hide that, and that pretty much the names on the prescription along with the doctors were all just fictitious names he had made up.
¶ 21. This court has consistently held that “an error is harmless only when it is apparent on the face of the record that a fair minded jury could have arrived at no verdict other than that of guilty.” Givens v. State, 730 So.2d 81 (¶ 33) (Miss.Ct.App.1998) Bishop v. State, 761 So.2d 894 (¶ 12) (Miss.Ct.App.2000) Fortune v. State, 766 So.2d 827 (Miss.Ct.App.2000).
¶ 22. If this Court is to hold the admission of this hearsay is harmless error, it must be convinced, that after exclusion of the hearsay evidence, the other evidence of guilt is so great, that the jury’s verdict could not possibly have been tainted by the consideration of the hearsay evidence. Such a requirement mandates that this Court look at more than whether there was evidence which a jury might decide to be credible, and therefore might conclude that Clay was guilty. It requires that the evidence be so overwhelming, that the jury could only reach one conclusion.
¶ 23. A careful reading of the record in this case clearly discloses that it does not meet the standard of harmless error required in Bishop. The evidence, excluding inadmissible hearsay, is not so overwhelm *140 ing that the jury could only have reached one conclusion. The evidence, excluding the inadmissible hearsay, consists solely of the testimony of Mike Malone on February 1, 1999, attempting to recall what was allegedly said to him by the defendant on July 15, 1997, almost two years previous. There was no written, or recorded, documentation of this July 15, 1997 statement. This lack of documentation of the statement alleged to have been made by Clay, suggests that the evidence of guilt is not so overwhelming that the jury could only have returned a verdict of guilty.
¶24. The mere fact that Mike Malone was giving his recollection of what he claims Clay said to him almost two years previous, and which he made no record of, indicates that the jury just as easily could have found Malone to be incredible, and therefore found Clay not guilty. There is no requirement that the jury accept as credible the testimony of Malone, Collins v. State, 757 So.2d 335, 339 (Miss.Ct.App.2000), nor can this Court presume that the jury would have automatically given credence to Malone’s testimony without the hearsay. Because the question before this Court is one of tainted evidence, rather than the sufficiency of the evidence, this Court cannot simply accept as true that evidence which supports the jury verdict. Instead, we are obligated to look at the evidence, and see if the jury might just as easily have viewed this evidence and reached some other conclusion. Because the jury is not mandated to accept as credible the testimony of any witness, the lack of documentation on Clay’s alleged statement could have caused this case to go either way. If there exists two conclusions which might easily be reached from the same evidence, guilty or not guilty, you must assume that the tainted evidence tipped the scales in favor of the guilty verdict. Under these circumstances you cannot reasonably hold this to be harmless error. Clearly there were two conclusions, rather than one, which the jury could have reached from this same evidence.
¶ 25. As we resolve this case, the question which this Court is required to address, is not whether there was other evidence in the record, but rather, whether that other evidence in the record is so overwhelming that the jury could only have returned a verdict of guilty, thereby rendering harmless any improperly admitted evidence. My reading of the record leads me to conclude that the answer to that question is no.
¶ 26. The State’s total case was dependent upon proof that the prescription was forged. If there was no proof that the prescription was forged, then there was no case against Clay. The testimony of Randall and Garner, offered to prove that the prescription was forged, was essential to that case.
¶ 27. Under these circumstances it cannot be said that the evidence against Clay was so overwhelming that the jury’s verdict was not influenced by the inadmissible hearsay. Because this court cannot with confidence state that the evidence against Clay was so overwhelming that the jury could only have returned a verdict of guilty, I would reverse and remand for a new trial.
IRVING, J., JOINS THIS OPINION.

. That hospital was Regional Medical Center located in West Helena, Arkansas.