PROCEDURAL HISTORY
PAYNE, J.,
for the Court:
¶ 1. Marlon Little was indicted by the Claiborne County Grand Jury for the unlawful sale of cocaine, in violation of Miss. Code Ann. Section 41-29-139. He was tried by a jury in Claiborne County Circuit Court and found guilty. Following a pre-sentence investigation, Little was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Little filed motions for a new trial and JNOV, which were denied. From this judgment and sentence, Little now appeals. Finding no merit to this appeal, the judgment and sentence are affirmed.
FACTS
¶ 2. Noah Coffee, an undercover investigator for the North Central Narcotics Task Force, traveled to Port Gibson on June 17, 1998, to “make drug cases on the street.” Coffee, along with a confidential informant, stopped at a house in Port Gibson to see Little, but was told he was not there. As Coffee was driving away, he noticed someone in a car waving to him, so Coffee stopped and backed up. Coffee testified that Little got out of his car and came to the driver’s window of Coffee’s car. After speaking for a moment, Little got into the back seat of Coffee’s car and sold Coffee a twenty-dollar rock of cocaine. Coffee had a video recorder focused on the driver’s window. However, because Little chose to get into Coffee’s car, the only time he is captured on the video is as he is walking past the window to the rear car door.
ISSUE PRESENTED
STANDARD OF REVIEW
¶ 3. Little makes one assignment of error on this appeal, as follows:
THE TRIAL COURT ERRED IN NOT GRANTING LITTLE’S MOTION FOR DIRECTED VERDICT AT THE END OF THE STATE’S CASE AND AT THE END OF LITTLE’S CASE, AND THE TRIAL COURT ERRED WHEN IT DID NOT GRANT HIS MOTION FOR JNOV OR A NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS THE RESULT OF BIAS, PREJUDICE AND PASSION.
Little’s argument is really twofold: sufficiency and weight of the evidence. We look to McClain v. State, 625 So.2d 774 (Miss.1993), for our standard of review in regard to sufficiency of the evidence:
*860 In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. Esparaza v. State, 595 So.2d 418, 426 (Miss.1992); Wetz [v. State, 503 So.2d 803] at 808 [ (Miss.1987) ]; Harveston v. State, 493 So.2d 365, 370 (Miss.1986); May v. State, 460 So.2d 778, 780-81 (Miss.1984); Callahan v. State, 419 So.2d 165, 174 (Miss.1982). The credible evidence consistent with [the defendant’s] guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss.1974). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Wetz at 808; Hammond v. State, 465 So.2d 1031, 1035 (Miss.1985); May at 781.... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778.
¶ 4. We look to Hampton v. State, 760 So.2d 803 (Miss.Ct.App.2000), for our standard of review with regard to weight of the evidence and motions for new trial.
Matters regarding the weight and credibility of the evidence are to be resolved by the jury.... Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice.
Hampton, 625 So.2d at (¶ 3) (citing McClain, 625 So.2d at 778-81). Reviewing Little’s arguments, it appears the evidence did support the verdict, and no unconscionable injustice has resulted.
DISCUSSION
I. SUFFICIENCY
¶ 5. Little contends that the evidence against him was insufficient to support a guilty verdict. He questions in his brief how an agent from North Mississippi, who testified that he does not know Little personally, could have identified him as the seller, and identified him one and one-half years later in court. Little argues that the transaction, from the time someone flagged Coffee down until the sale was made, lasted less than three minutes.
¶ 6. At trial, Coffee testified that he had a confidential informant with him. On appeal, the State is entitled to any reasonable inferences which the jury may draw, Rainer v. State, 438 So.2d 290, 292 (Miss.1983), and it is reasonable to infer that the informant knew Little’s identity. However, on cross-examination, Coffee also testified that he did not do the identifying. He stated:
I can remember people that I come in contact with, but the identification is done by the area law enforcement officer. ... I present a film to them and they identify the person.... [T]hey look at what I have there and identify the person as they know them.
Little made the sale to Coffee while sitting in Coffee’s vehicle. Coffee positively identified Little in the courtroom. The video placed Little at the vehicle when the transaction was made, according to Coffee’s testimony. The State argues that testimony from a single credible witness has been held as sufficient to sustain a conviction on many occasions. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995); Doby v. State, 532 So.2d 584, 590-91 (Miss.1988).
*861 ¶7. Next Little argues that the jury should have considered the fact that this case did not occur in the usual manner, where the seller stands at the buyer’s car window to make the transaction. Little argues that the videotape is inconclusive and against the overwhelming weight of the evidence because no one was captured on video actually exchanging the drugs for money. He again contends that it is improbable that Coffee could make an identification after the passage of time, and that “it is beyond the realm of understanding that an identification could be made under these conditions and circumstances[, a]nd that any identification made so was made with outside help.” Little apparently is mixing the determination of Little’s name with Coffee’s physical identification of Little as the perpetrator. Other than the explanation stated above, this Court does not have evidence concerning how Little’s name was determined. However, the record shows that Coffee positively identified Little, in the courtroom, as the man who sold Coffee a twenty-dollar bag of cocaine. The State argues that Coffee’s identification of Little was a prime topic during cross-examination and that these matters were brought up by the defense during closing argument.
¶ 8. Little makes an unclear argument that the jury, disregarding the fact that the sale was not captured on video and that this was not a “normal transaction” made at the car window, had no form of identification other than Coffee’s testimony. Therefore, Little maintains that the jury based its verdict on “thin evidence.” The State reiterates that the testimony of a single credible witness is sufficient to sustain a criminal conviction even though one or more witnesses may be presented to the contrary. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995). In this case, there were no witnesses contradicting the State’s evidence. Therefore, the State argues, the testimony of the State’s witnesses could be given full force and effect where, as here, the accused offered no evidence in his behalf. Reeves v. State, 159 Miss. 498, 132 So. 331, 332 (1931).
II. WEIGHT
¶ 9. The State contends, as to the weight of the evidence, that no abuse of discretion has been demonstrated because Coffee’s testimony, if true, supports the verdict. No testimony was provided to dispute Coffee’s version of the transaction, so it was a straight issue of fact. Credibility is a jury matter. “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Additionally, the State argues that the jury received instruction 1 which addressed the credibility of witnesses:
It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. You should not be influenced by bias, sympathy or prejudice. Your verdict should be based on the evidence and not upon speculation, guesswork or conjecture.... [Y]our exclusive province is to determine what weight and what credibility will be assigned the testimony and supporting evidence of each witness.
Little complains that, when reviewing the video, the State’s attorney asked leading questions, and had to explain and show Coffee how an individual could not be identified by using a video camera. In reviewing the record, it appears that the State *862 did ask a couple of leading questions, to which defense counsel objected, and the court sustained. However, there is no evidence of the State explaining and showing the witness “how an individual could not be identified by using a video camera.”
¶ 10. Little argues that once the State produced some thin evidence of a sale and provided a name, “in today’s judicial system and with the plague of drugs on the street, that’s all the jury needs for a conviction.” Little contends that the system sometimes needs a gate to shut off bias, prejudice and passion, citing to Lee v. State, 469 So.2d 1225 (Miss.1985), which does not address this issue. He maintains that the evidence consisted of bias, prejudicial testimony, and inconclusive identification, and that to allow the verdict to stand on the present conditions concerning competency, credibility and prejudice amounts to sanctioning an unconscionable injustice and inequity as stated in Jackson v. State, 551 So.2d 182, 148 (Miss.1989). In the last paragraph of his argument, Little states that he was convicted, “not through facts, but through the biased and prejudiced testimony of an informant and undercover officer who needed a seller he could identify.” Other than this sentence, Little does not make an argument spelling out perceived bias or prejudice. He contends, however, that it is this Court’s duty to insure that an accused is granted a fair trial and to insure that the jury’s findings were not infected “by the slightest taint or suggestion of bias or unfairness.” Fisher v. State, 481 So.2d 203, 216 (Miss.1985).
CONCLUSION
¶ 11. As shown by the State’s argument above, credibility of a witness is a jury issue. Little has not shown any bias, prejudice or incompetence of the witness that would render the affirmation of the verdict unconscionable. He has shown no abuse of discretion in the trial court’s denial of a directed verdict, JNOV or new trial, as the evidence was sufficient to support the verdict and the credibility of the witness was a jury determination, which apparently believed him. Therefore, the judgment and sentence in this case is affirmed.
¶ 12. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION FOR THE UNLAWFUL SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CLAIBORNE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.